### Chas. O. Edwards v. T. S. Middleton et al.

#### Decided February 1, 1902.

**1.—Costs—Rule for—Deposit.**
The fact that plaintiff's counsel made a deposit on costs at the time of filing the petition and notified the clerk that they would make further deposits as demanded, could not affect the right of the clerk to make a motion for security for costs.

**2.—Same—Dismissal—Reinstatement.**
A motion to reinstate a case dismissed for failure to give a cost bond should have been granted upon tender of a bond and a showing of a good cause of action which would otherwise be barred by limitations, plaintiff's attorneys testifying that their failure to give the bond was through their want of knowledge that a bond would be insisted on prior to the call of the case for trial.

Appeal from Ellis. Tried below before Hon. J. E. Dillard.

*Matlock, Miller & Dycus,* for appellant.

*Templeton & Harding,* for appellee.

TEMPLETON, Associate Justice.—This is an appeal from a judgment overruling a motion to set aside an order dismissing the cause for failure to comply with the rule for costs.

The suit of plaintiffs, which was in the form of an action of trespass to try title, was filed on August 24, 1900. At the time the petition was filed the attorneys for the plaintiffs, who lived at Fort Worth, sent the clerk of the court a check for $10 as a deposit on the costs and notified him that they would make further deposits from time to time as demanded. The clerk made no demands for further deposits, and on November 20, 1900, filed a motion for security for costs which was granted on December 10, 1900. No notice of the motion was given to the plaintiffs. The defendants filed their answers on that day, and on December

30, 1900, the case was by agreement of parties continued as on applica-
tion of the plaintiff. On April 18, 1901, the attorneys for the defendants
wrote to the attorney for the plaintiffs that the rule for costs had been
entered and the clerk wrote them to the same effect. No bond was filed or
other action taken by the plaintiffs, and on the first day of the next term
of the court, that is, on May 20, 1901, the cause was dismissed because of
the failure of plaintiffs to comply with the rule. The order of dismissal
was entered by the judge on his docket and like orders were entered in
twenty other cases. The clerk of the court entered on the minutes a sin-
gle general judgment of dismissal in all the cases, including this case,
giving the number and style of each case, the judgment showing that all
the cases were dismissed for failure to comply with the rule for costs.
On May 28, 1901, the plaintiffs filed a motion to reinstate. They ten-
dered a good and sufficient cost bond and offered to pay all costs which
had accrued up to that time. In addition to the facts above stated, they
showed that some time before the filing of their motion they received a
copy of the printed docket of the District Court of Ellis County showing
that this cause was set for trial for June 10, 1901; that they were ready
and willing at all times to give the required bond, but failed to do so by
oversight, or rather a want of knowledge that a bond would be insisted
upon prior to the call of the case on the day set for trial. They also
alleged in their motion, which was sworn to, that they believed that they
had a good cause of action, but that if the order of dismissal was not set
aside and they were compelled to institute a new suit, such suit would
be barred by the statute of limitations. The motion to reinstate was
resisted by the defendants and was overruled by the court. At the same
time a formal judgment of dismissal nunc pro tunc was entered on the
minutes, the purpose being to correct the supposed irregularity attend-
ing the original entry of judgment.

The rule for costs was properly entered, and it was the duty of appel-
lants to comply therewith on or before the first day of the next term of
court. The making of the original deposit, accompanied by the offer
to make future deposits, would not prevent the filing of a motion to re-
quire the plaintiff to give security for costs. The rule may be demanded
in all cases, except those excluded by law, and when demanded in the
manner required by statute it should be entered. What will constitute
a compliance with the rule is a question which is not before us for deci-
sion. The statute does not require notice of the filing of the motion to
be given. It would seem that when, as in this case, the motion is in
proper form, and is duly filed and placed on the docket and is disposed
of when it is regularly reached on the call of the docket, the plaintiff
must take notice thereof, provided this is done before the cause is con-
tinued for the term. However, in this case the plaintiffs had actual
notice that the rule had been entered and this was clearly sufficient. If
the judgment of dismissal as originally entered by the clerk was insuf-
ficient, the court had authority during the term to correct the defect and
to enter the proper judgment.

While the rule was legally entered and the plaintiffs should have complied therewith, their failure to do so was due to oversight, or at most, to simple carelessness and not to willful negligence. They were ready to give the required security at any time, and there is some appearance of reason in their excuse for failing to comply with the letter of the statute. It was not entirely unreasonable for them to suppose that the filing of the bond on or before the day set for trial would be acceptable to the clerk. At any rate they were not grossly negligent, and as soon as they were notified of the dismissal they tendered a sufficient bond, which secured the officer who filed the motion against them, and all cause for complaint on his part was removed. The defendants would not have been injured by the acceptance of the bond and the setting aside of the judgment of dismissal. The rule was entered for the purpose of obtaining security for the costs, and this would have been accomplished had the bond offered been approved and the judgment of dismissal vacated. It does not appear that such action would have even delayed the trial, as the motion to reinstate was made and the bond tendered nearly two weeks before the day set for trial. No right of the defendants which existed when the cause was dismissed would have been prejudiced by reinstating the case on the docket. On the other hand, the cause of action of the plaintiffs was seriously jeopardized, if not destroyed, by the course pursued. While the plaintiffs' attorneys may have been somewhat at fault, the penalty visited upon the plaintiffs was in our opinion too severe. We think the cause should have been reinstated upon the terms proposed, and because this was not done the judgment is reversed and the cause remanded.

*Reversed and remanded.*