Red River, Texas & Southern Railway Company v. T. L. Reynolds.

Decided March 18, 1905.

**1.—Damages for Personal Injury—Double Recovery—Charge.**

Where in an action of damages for negligent personal injuries the charge instructed the jury to allow plaintiff reasonable and just compensation for the injuries received, referring them to the evidence for the character of the injuries and the extent of the damages, and this was followed by a paragraph which merely stated in detail what the jury would take into consideration, if warranted by the evidence, in estimating the damages, enumerating the items of loss which the evidence tended to show had already been sustained, and then directing their attention to the issue, raised both by the pleadings and evidence, of loss thereafter to result from existing or permanent injuries, such charge could not reasonably have misled the jury into giving double damages. See opinion for the charge.

**2.—Same—Measure of Damages for Permanent Injury.**

A failure of the charge to explain as fully as might properly have been done how the damages for permanent injuries were to be measured was not reversible error where no further instruction on that subject was requested and the court had already stated the rule in general terms.

Appeal from the District Court of Tarrant. Tried below before Hon. M. E. Smith.

*West, Chapman & West* and *Theodore Mack,* for appellant, cited, on the point that the charge permitted a double recovery of damages, Texas Cent. Ry. v. Brock, 88 Texas, 310; St. Louis & S. W. Ry. v. Smith, 63 S. W. Rep., 1067; Railway Co. v. Hannig, 91 Texas, 347; St. Louis & S. W. Ry. v. Highnote, 74 S. W. Rep., 920; Red River, T. & S. Ry. v. Hughes, 81 S. W. Rep., 1035.

*W. A. Hauger* and *Ben M. Terrell,* for appellee.—If a charge submits items clearly proper to be considered, while estimating the damages accrued at time of the trial, and a subsequent clause thereof authorizes the permanent effect of the injuries to be considered in estimating the damages, if any, then the fact that the clause relative to said permanency omits certain items that may constitute the permanent damage does not render the charge fundamentally erroneous, but, if error at all, is one merely of omission. The jury will be presumed to have acted reasonably, and were not misled simply because the items constituting the permanent damage were not detailed in said clause. The charge should be construed as a whole and reasonably, and, when so considered, no increased recovery for the temporary items of damage is thereby author-

ized. Galveston, H. & S. A. Ry. v. Hampton, 24 Texas Civ. App., 461; Gulf, C. & S. F. Ry. v. Brown, 16 Texas Civ. App., 103, 104; Knittle v. Schmidt, 16 Texas Civ. App., 10, 11; Cameron M. & El. Co. v. Anderson, 78 S. W. Rep., 10; Texas Cent. Ry. v. Rowland, 3 Texas Civ. App., 165; Mexican Cent. Ry. v. Mitten, 13 Texas Civ. App., 661; Houston & T. C. Ry. v. Boehm, 57 Texas, 152; Galveston Oil Co. v. Malin, 60 Texas, 648, 649; Oil Co. v. Burns, 96 Texas, 580. 581; San Antonio & A. P. Ry. v. Weigers, 22 Texas Civ. App., 347, 348; Gulf, C. & S. F. Ry. v. Lankford, 88 Texas, 504, 505; St. Louis S. W. Ry. v. Freedman, 46 S. W. Rep., 104; Central Texas & N. W. Ry. v. Luther, 74 S. W. Rep., 589, 590; International & G. N. Ry. v. Locke, 67 S. W. Rep., 1084, 1085; O'Niel v. Blase, 68 S. W. Rep., 770, 771.

STEPHENS, ASSOCIATE JUSTICE.—This appeal is from a judgment recovered by appellee on account of personal injuries received by his wife while a passenger on one of appellant's trains, due to the negligence of appellant.

But one question is submitted for our determination, be it said to the credit of appellant's counsel in thus briefing the case, and that is, whether the court erred in giving the following charge on the measure of damages: "In estimating such damages, you will take into consideration the physical and mental pain, if any, you may believe from the evidence she has undergone by reason of such negligence, if any; and if Mrs. Reynolds' ability to labor and earn money, as a seamstress, and to attend to her domestic duties, has been impaired by reason of such injuries, if any, and by reason thereof she has lost time, and you find that the defendant is liable under this section of the charge, then you will award plaintiff the reasonable value of the time so lost, and also the reasonable and necessary medical bills paid or incurred by reason of her injuries, if any; and, if you believe from the evidence that the injuries to plaintiff's wife so received, if any, are permanent, or if she has not recovered therefrom, then you will take this fact into consideration in estimating the damages, if any, you find." The next preceding paragraph of the charge, after submitting affirmatively the issue of negligence as the proximate cause of injury to appellee's wife, concluded as follows: "then you will find for the plaintiff such damages as you may believe from the evidence will be a reasonable and just compensation for the injuries so received and resulting by reason of such negligence, if any."

Thus, in the first instance, and in a general way, the court correctly instructed the jury to allow appellee reasonable and just compensation for the injuries received by his wife, referring them to the evidence for the character of the injuries and the extent of the damages. This was followed by the paragraph complained of and quoted above, which merely stated in detail what the jury would take into consideration, if warranted by the evidence, in estimating the damages, enumerating, first, the items of loss which the evidence tended to show had already been sustained, and then directing their attention to the issue, raised both by the pleadings and evidence, of loss thereafter to result from existing or permanent injuries. We fail to see how any sensible jury could reasonably have been misled by this charge into giving double damages. Read in connection with the next preceding paragraph, it submitted the issue

of damages in a logical and reasonably perspicuous manner. The last clause, so much objected to, might have gone a little further, and explained more fully how the damages for permanent injuries were to be measured, but, as no further instruction on that subject was requested, and as the court had already stated the rule in general terms, we must overrule the contention of appellant that this clause of the charge gave the jury a "roving commission." The clause "or, if she has not recovered therefrom," merely suggested in another form the idea of future loss, for which compensation was to be made if warranted by the evidence.

The cases cited and relied on by appellant have all been examined, and, while we think some of them went quite far enough in overturning verdicts for the supposed influence of charges construed to authorize a double recovery, the conclusions above reached are not believed to be in conflict with any of them; but, on the contrary, seem to be sanctioned by some of the cases cited by appellee.

The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.