LASKER REAL ESTATE ASSOCIATION v. J. P. WORD.

Decided December 22, 1909.

**Appeal—Failure to File Brief—Excusing Delay.**

Pressure of business and sickness of counsel held not to excuse the failure of appellant to file briefs within the time required. He might have procured additional counsel.

Appeal from the County Court of Lampasas County. Tried below before Hon. M. M. White.

*A. McFarland* and *Allen, Hart & Patterson,* for appellant.

*H. F. Lewis* and *Gregory, Batts & Brooks,* for appellee.

KEY, ASSOCIATE JUSTICE.—The transcript in this case was filed in this court February 19, 1909. The case was set down for submission for December 8, 1909. November 30, 1909, appellee filed a motion to dismiss the appeal, because appellant had failed to file any brief in the case. On December 6, 1909, appellant filed a motion asking to have the submission of the case postponed, in order to enable it to prepare and file a brief. The excuse for not having filed a brief consists of a verified statement to the effect that the clerk of the lower court did not prepare and deliver to appellant the transcript until the last day allowed by law for so doing; that thereafter appellant's attorney was called away from home on business, and when he returned was busily engaged in other cases in both the District and County Courts, and for that reason did not have time to prepare a brief in this case until after the time allowed by the rules of the court, and that thereafter the attorney became very ill and has continued to be unable, on account of illness, to prepare a brief in this case. The illness of the attorney is also shown by a sworn statement of his attending physician.

We are of opinion that appellant has failed to show sufficient excuse for not having the case ready for submission at the time set therefor. If it be conceded that sufficient excuse is shown for the failure of the attorney who tried the case in the court below to prepare and file a brief in this court, appellant has offered no excuse for not securing the services of some other attorney to prepare the brief. The case is not one of much magnitude; the record is not voluminous and contains but seven assignments of error. We perceive no reason why appellant could not have employed some other attorney and had the case properly briefed after it received notice that it was set down for submission, and had its brief on file before the case was called.

The motion to postpone is accompanied by a suggestion of fundamental error. We have examined the record, and have failed to find any such error. The motion to dismiss the appeal is sustained.

*Appeal dismissed.*