AMERICAN WAREHOUSE CO. v. HAMBLEN.

(Court of Civil Appeals of Texas. San Antonio. March 20, 1912. Rehearing Denied May 8, 1912.)

1. APPEAL AND ERROR (§ 771*)—FAILURE TO FILE BRIEFS—EXCUSE.

The failure of the attorney for plaintiff in error to file briefs in a case set for submission on March 13th, while the transcript was filed September 20th preceding, is not excused by his averring that during the first days of January he was unexpectedly called to Mexico and there detained until early in February; that shortly after his return he was constantly occupied in the preparation of cases in the district court, and had in charge the partition of a large estate, the details of which were intricate and required his constant attention.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3105; Dec. Dig. § 771.*]

2. APPEAL AND ERROR (§ 771*)—FAILURE TO FILE BRIEFS ON WRIT OF ERROR—EXCUSE.

Where counsel for the parties agreed that counsel for plaintiff could file briefs at any time, and that defendant's counsel should be allowed all the time he wished in which to prepare his answer to the briefs, the failure to file briefs within the statutory time was excused.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3105; Dec. Dig. § 771.*]

3. STIPULATIONS (§ 6*)—ORAL STIPULATIONS—VALIDITY.

Where an oral stipulation is disputed, the court on appeal will not determine its terms, but will disregard it.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 5–13; Dec. Dig. § 6.*]

4. APPEAL AND ERROR (§ 395*) — APPEAL BOND—NECESSITY.

Where the appeal bond was not filed within the time prescribed by law, the court on appeal acquired no jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2064–2070, 3127; Dec. Dig. § 395.*]

5. APPEAL AND ERROR (§ 773*)—FAILURE OF PLAINTIFF IN ERROR TO FILE BRIEFS—RIGHTS OF DEFENDANT IN ERROR.

A defendant in error who does not file briefs in compliance with court rule 42 (142 S. W. xiv), on the failure of plaintiff in error to file briefs within the statutory time, is not entitled to an affirmance of the judgment; but the court will dismiss the writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3104, 3108–3110; Dec. Dig. § 773.*]

Error from Bee County Court; T. M. Cox, Judge.

Action between the American Warehouse Company and S. G. Hamblen. There was a judgment for the latter, and the former

brings error. Dismissed for want of prosecution.

Beasley & Beasley, of Beeville, for plaintiff in error. Samuel G. Hamblen, of Chicago, Ill., for defendant in error.

MOURSUND, J. In this case no briefs have been filed. The transcript was filed in this court on September 20, 1911. The case was set for submission on March 13, 1912. On February 29, 1912, defendant in error filed a motion setting up the failure of plaintiff in error to file briefs, and praying as follows: "First. To affirm the judgment of the court below, with statutory damages, and judgment against the sureties on the appeal and supersedeas and writ of error bonds. Second. In case the court refuses to affirm on certificate, as above moved, then that error proceedings be dismissed, with affirmance of the judgment."

[1] The attorney for plaintiff in error has filed a sworn answer to such motion, alleging that during the first days of January, 1912, he was unexpectedly called to Mexico and there detained from day to day, in looking after his business, until some time early in February; that shortly after his return from Mexico the district court of Bee county began its spring term, and said attorney was constantly occupied in the preparation of important cases of said term of court, and personally had in charge the partition of a large estate, of some $200,000 in value, the details of which were intricate and required his constant attention for a large portion of the time. The excuses for the delay in filing briefs, above stated, are not sufficient under the decisions of our courts. Krisch v. Richter, 125 S. W. 935; Hernandez v. Pastran, 140 S. W. 508; City of Haskell v. Webb, 140 S. W. 127; Amarillo Brick Co. v. Bank, 140 S. W. 364.

[2, 3] Attorney for plaintiff in error also alleges in his said answer that he had an understanding with defendant in error that briefs could be filed at any time, and the defendant in error would be allowed all the time he wished in which to prepare his answer to plaintiff in error's briefs, and that, relying upon this understanding, he did not file his briefs within the statutory time. The allegation concerning an understanding with defendant in error, if uncontradicted, would be sufficient to excuse the delay in filing the briefs; but defendant in error has filed an affidavit denying the statement made by attorney for plaintiff in error regarding an understanding between them.

In the case of Manowitz v. Gaenslen, 142 S. W. 963, opinion rendered by Chief Justice James of this court on January 10, 1912, where the same question arose, the following language was used: "If counsel make an oral agreement, it ought to be respected by the court if it is not disputed, and if the business of the court is not unduly embarrassed by it. But we cannot be called on to determine the merits of an issue of this kind. The agreement not being in writing, and being the subject of dispute, we shall follow the rule, and grant the motion to dismiss the appeal for undue delay in filing appellant's briefs." The case of Emerson v. Hardware Co., 66 S. W. 570, decided by this court, is to the same effect. Any other rule would require the court to pass upon the credibility of the attorneys.

[4] Defendant in error, in his motion, refers to his motion heretofore refused by this court, asking for affirmance on certificate on account of appeal bond not having been filed within the time prescribed by law, and asks that some disposition be made of the attempted appeal. The appeal bond not having been filed within the time prescribed by law, this court acquired no jurisdiction by reason of such attempted appeal, but did acquire jurisdiction by reason of the writ of error proceedings subsequently instituted.

[5] The defendant in error having filed no briefs in this court, and therefore not having complied with rule 42 of this court (142 S. W. xiv), which requires the filing of briefs by him in order to procure affirmance, is not entitled in this writ of error proceeding to have his judgment affirmed. Therefore the proper disposition of the writ of error is to dismiss it. Suderman-Dolson Co. v. Carson et al., 122 S. W. 401; Lopez v. Vogis et al., 78 S. W. 239; Bowden v. Patterson, 108 S. W. 177.

The writ of error is dismissed for want of prosecution.