### HOYA et al. v. BATES.    (No. 1219.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 23, 1926.)

1. **Appeal and error** $\Longleftrightarrow$767(1)—**Appellants' brief will be stricken, where it was filed so late that there was insufficient time before submission of cause for appellee to prepare answer.**

Where cause was filed in Court of Civil Appeals January 13, 1925, and appellants' brief was not filed until January 5, 1926, leaving insufficient time for appellee to prepare answer before submission of cause, *held* that appellants' brief will be stricken.

2. **Appeal and error** $\Longleftrightarrow$767(1).

That appellants' brief is stricken does not necessitate dismissal of appeal.

3. **Appeal and error** $\Longleftrightarrow$767(1).

Assignments and propositions not pointing out fundamental error appearing on face of record will not be considered on appeal, where appellants' brief was stricken.

4. **Appeal and error** $\Longleftrightarrow$672.

Failure to render judgment in plaintiffs' favor for all land sued for which defendant disclaimed interest in *held* fundamental error, apparent on face of record.

5. **Appeal and error** $\Longleftrightarrow$719(8).

Where no complaint was made on appeal by either of original parties to portion of judgment in favor of intervener, it will not be disturbed on appeal.

6. **Costs** $\Longleftrightarrow$238(2)—**Where appellants did not call to attention of trial court fundamental error in failing to render judgment in part in their favor, held that cost of appeal will be adjudged against appellants.**

Where appellants did not call to attention of trial court, fundamental error in failing to render judgment in appellants' favor for all land which appellants sued for and respondent disclaimed interest in, *held* that cost of appeal will be adjudged against appellants.

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

Consolidated action by Charles Hoya and others against J. M. Bates, wherein J. O.

---

Reed intervened. From judgment rendered, plaintiffs appeal. Judgment in part affirmed, and in part reversed and rendered.

S. W. Blount, of Nacogdoches, for appellants.

V. E. Middlebrook and J. W. Bates, both of Nacogdoches, and W. H. Shook, of Dallas, for appellee.

HIGHTOWER, C. J. The appellants Chas. Hoya and others prosecute this appeal from a judgment against them and in favor of the appellee, Bates, in a consolidated cause in the district court of Nacogdoches county, same being an action of trespass to try title, in which the appellants were the sole plaintiffs and the appellee the sole defendant. The appellants, as plaintiffs in the consolidated cause, sought to recover from appellee the title and possession of several tracts of land described in their petition, all being a part of the Manuel de los Santos Coy grant in Nacogdoches county, and aggregating 302 acres of land. The appellee answered by general denial, plea of not guilty, and specially pleaded title to 160 acres of the land sued for by the plaintiffs by limitation under the 10-year statute (Rev. St. 1925, art. 5510). He claimed in his answer that he had acquired title under the 10-year statute to a specific 160 acres of the land sued for by appellants, which he described in his answer, but alleged, in the alternative, that, if he was not entitled to hold and recover the specific 160 acres as claimed and described in his answer, he, nevertheless, was entitled to hold and recover 160 acres of the land, undivided so as to include his improvements, etc.

Appellee then expressly disclaimed title to all or any interest in any other portion of the land sued for by appellants than that claimed in his answer.

One J. O. Reed, after the two causes were consolidated, as shown by this record, filed his petition in intervention, and therein claimed a small tract of land out of the 160 acres that was specifically described and claimed by the appellee, Bates, in his answer.

The consolidated cause was tried with a jury, and was submitted upon special issues, which were answered by the jury in favor of the appellee, Bates, for the 160 acres of land specifically described and claimed by him in his answer. Thereafter, upon motion of the appellee, Bates, therefor, the trial court rendered judgment in his favor for the specific 160 acres of land described in his answer, and also rendered judgment against appellants to the effect that they take nothing by their suit, and that all costs be adjudged against them. From this judgment as a whole this appeal is prosecuted, and in the brief for appellants numerous assignments of error and propositions are advanced for the reversal of the judgment.

The transcript in this cause was filed in this court on January 13, 1925, and the brief for appellants was not filed until January 5, 1926. On the next day, January 6, 1926, the attorneys for appellee filed in this court a motion praying that appellants' brief be stricken out, and that the appeal be dismissed, because of appellants' failure to file their brief as required by the rules for filing briefs in this court.

In the motion to dismiss, appellee shows that his attorney, Hon. W. H. Shook, resides in Dallas, Tex., and that he did not receive a copy of appellants' brief until the morning of January 5, 1926, and that there was not sufficient time between that date and the submission of the cause for his attorney to prepare and file a brief for him in reply to appellants' brief. The motion further states facts showing that there was no excuse for appellants' counsel not filing the brief in this cause for appellants within the time prescribed by the rules for briefing, and that appellee would be denied his just and legal rights, if this court should consider appellants' brief in disposing of this cause, in the absence of a brief filed for him, which his attorney would not have time to prepare and file before submission of this cause.

[1] Upon consideration of the appellee's motion to strike out appellants' brief, we have concluded that it is our duty to sustain the motion. It is apparent, from the size of this record, that is to say, the voluminous statement of facts containing evidence relevant to appellee's claim of title by adverse possession, and the number of assignments of error and propositions advanced by counsel for appellants attacking the verdict of the jury in favor of appellee, and the rulings of the court upon the trial, that it would require much and careful consideration on the part of counsel for appellee in the preparation of a reply brief for him, and it is manifest to us that counsel for appellee could not, by any reasonable efforts, prepare a brief for appellee in this case in answer to appellants' brief within the short time intervening between the filing of appellants' brief and the submission of this cause. Our views on this question were expressed in the case of West Louisiana Bank v. Terry, 229 S. W. 639. See, also, Elkins v. Kempner (Tex. Civ. App.) 66 S. W. 577; Emerson v. Shapleigh, etc. (Tex. Civ. App.) 66 S. W. 570; Dodd v. Presley (Tex. Civ. App.) 81 S. W. 811; Nigro & Co. v. Hodges (Tex. Civ. App.) 85 S. W. 1169; Krisch v. Richter (Tex. Civ. App.) 125 S. W. 935; Manowitz v. Gaenslen (Tex. Civ. App.) 142 S. W. 963; Searle v. San Antonio H. Co. (Tex. Civ. App.) 244 S. W. 571; Mandry v. Brown C. & C. Co. (Tex. Civ. App.) 248 S. W. 1095.

[2] Appellee's motion to strike out appellants' brief is sustained, but it does not follow that the appeal should be dismissed.

[3] There are quite a number of assignments of error and propositions attacking the jury's verdict and the trial court's judgment in favor of appellee for the 160 acres of land awarded him, but none of these assignments and propositions point out any fundamental error apparent upon the face of the record, and, therefore, since we have stricken out appellants' brief, none of these assignments and propositions can be sustained or considered.

[4] It is apparent, however, upon the face of the record, that there was fundamental error in the trial court's judgment, in this: In appellants' petition, it is apparent at once that they sue appellee for the title and possession of several tracts of land, aggregating 302 acres, and, appellee having expressly disclaimed, in his answer, title to all interest in any portion of the land sued for by appellants other than the specific 160 acres awarded to him by the judgment it was the trial court's duty, as a matter of law, to have rendered judgment in favor of appellants for all the land sued for by them other than the 160 acres which was claimed and recovered by the appellee. Snyder v. Compton (Tex. Civ. App.) 29 S. W. 73; Pouns v. Zachery, 103 S. W. 234, 46 Tex. Civ. App. 604.

[5] The intervener, Reed, recovered judgment for approximately 5 acres of land that was included within the 160 acres specifically described and recovered by the appellee, Bates, but, there being no complaint as to this part of the judgment by Bates or by the appellants, this portion of the judgment should not be disturbed.

It follows from our views above expressed that the judgment in favor of the appellee, Bates, for the specific land awarded him should be in all things affirmed, as should also the judgment in favor of the intervener, Reed, for the portion awarded him, and that as to all the remainder of the land described in the appellants' petition and not included within the 160 acres awarded to the appellee, Bates, the judgment should be reversed and here rendered in favor of appellants. Such has been our order.

[6] We have searched this record with a view to ascertaining whether appellants brought to the trial court's attention in any manner the fundamental error in the judgment that we have pointed out, but we fail to find where such matter was suggested to the trial court by motion for new trial or otherwise. If it had been suggested to the trial court by appellants, in all probability the trial court would have corrected that error, and would have rendered judgment in favor of appellants for all the land sued for by them to which they were entitled upon the appellee's disclaimer. Therefore we think that the costs of this appeal should be adjudged against appellants, and it is so ordered.