### WILL et al. v. DAVIDSON. (No. 1420.)

(Court of Civil Appeals of Texas. Beaumont. June 26, 1926.)

**Appeal and error ⚷818.**

Where appellant moved on submission day for continuance, or in the alternative for leave to file brief, no good reason for delay being shown, appeal will be dismissed, as statute gives appellee right to have cause submitted in its regular order.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Action by the Davidson Securities Company against George E. Johnson, B. D. Will, and others, wherein W. S. Davidson intervened. Judgment for intervener, and defendants Will and others appeal. Appeal dismissed.

A. L. Shaw, of Beaumont, for appellants.
Gordon, Lawhon & Davidson, of Beaumont, for appellee.

O'QUINN, J. This suit was originally brought by the Davidson Securities Company in the district court of Jefferson county, Tex., against George E. Johnson and his wife, Ruth Johnson, and B. D. Will and his wife, Mittie Will, and M. W. Lowry, to recover on a promissory vendor's lien note in the sum of $2,850, less certain small credits, and to foreclose the lien retained in the note on certain described real estate to secure the payment of the note. After the institution of the suit, the Davidson Securities Company, for value, transferred its cause of action, the said note and lien, to W. S. Davidson, who intervened and made himself party plaintiff. Intervener dismissed his suit as to George E. and Ruth Johnson, because they were out

of the state and service could not be had on them, and prosecuted his cause of action against the other defendants, who appeared and answered. The case was tried before the court with the aid of a jury, and at the conclusion of the evidence the court instructed the jury to return a verdict for intervener, plaintiff, for the amount sued for as against the defendants B. D. Will and his wife, Mittie Will, and for a foreclosure of the vendor's lien as against B. D. Will and his wife, Mittie Will, and M. W. Lowry, which verdict was returned by the jury and judgment accordingly entered.

There are no briefs filed for either party. Appellants, on the day the cause was set for submission, June 17, 1926, filed a motion to postpone submission for one week, or to the 24th day of June, 1926, which is, as follows:

"Come now the appellants in the above styled and numbered cause and request and beg leave of this honorable court, that the submission of said cause as set for June 17, 1926, be postponed until its next regular submission day, June 24, 1926, because the attorneys for the appellants have been overworked, having considerable business in various counties and to such extent that they have not had the time to prepare and at this time to make a proper presentation of said cause. And in the alternative should this honorable court refuse to postpone the submission of said cause, these appellants B. D. Will, Mrs. Mittie Will, and M. W. Lowry respectfully request that they have leave to prepare and file by the next submission day, to wit, June 24, 1926, a brief and argument supporting their contentions in said cause. Wherefore, premises considered, appellants pray that the motion for postponing be granted and, in the event said motion in that respect be overruled, pray that they be granted the privilege of filing their brief and argument by next submission day and in duty bound will ever pray."

This motion is contested by appellee. The record in this case was filed in this court on January 25, 1926. On March 11, 1926, it was set for submission on June 17, 1926, and the parties notified of the setting. We do not think the showing is sufficient, over the protest of appellee, to warrant us in granting the motion, and the same is overruled. Appellee is entitled to have his cause submitted in its regular order, and to have granted the motion to postpone would have been tantamount to continuing the cause for the term, as this court will adjourn for the term on July 5, 1926. If appellants were granted leave to file their brief on June 24th, consideration of the case would have to be passed until the brief was filed, and then appellee would be entitled to a reasonable time in which to answer same, and this could not be done at this term, and thus the case would have to go over until the next term, which would be denying appellee's right to have the cause submitted in its regular order, and de-

priving him of a substantial right. Fort Worth & R. G. Railway v. Windham (Tex. Civ. App.) 120 S. W. 248.

Neither party having filed briefs, the appeal will have to be dismissed for want of prosecution, and it is so ordered.

Dismissed.