## CAMP v. NEAL. (No. 2950.)

Court of Civil Appeals of Texas. Amarillo. Jan. 18, 1928.

1. Appeal and error ⊜⇒771—Existence of other professional engagements does not excuse attorney's failure to brief case, and client should, under such circumstances, employ other counsel.

Existence of other professional engagements of counsel is not generally sufficient excuse for failure of attorney to properly brief the case, and, under such circumstances, client should employ other counsel to prepare and file brief.

2. Appeal and error ⊜⇒771—Other professional engagements of one of appellant's attorneys held insufficient excuse for appellant's failure to file brief.

Affidavit, showing that one of appellant's attorneys was prevented from preparing and filing brief by other professional engagements in connection with older cases, held not to show sufficient excuse for appellant's failure to file brief, especially since no reason was shown why brief was not prepared and filed by another attorney.

Appeal from District Court, Collingsworth County; Robt. Cole, Judge.

Application by J. D. Camp for the probate of a will, opposed by Frances E. Neal. From an adverse judgment, proponent appeals. On appellant's motion to heel the case. Motion overruled, and appeal dismissed for want of prosecution.

R. H. Cocke, of Wellington, and R. L. Stennis, of Dallas, for appellant.

R. H. Templeton, of Wellington, and Fires & Williams, of Childress, for appellee.

HALL, C. J. This suit involves the probate of a will and its contest. The transcript was filed in this court on the 21st day of October, 1927. Judgment was rendered against the appellant in the district court of Collingsworth county on the 21st day of July, 1927. Statement of facts was filed in the trial court October 19, 1927, and the case was set for submission in this court on January 11, 1928.

On December 28, 1927, the appellant filed his motion, requesting that the case be heeled in order that he might have time to brief it. As ground for the relief asked in the motion, it is stated that neither R. H. Cocke of Wellington, Tex., nor R. L. Stennis of Dallas, Tex., who are appellant's attorneys, were able to brief the case because of professional engagements in connection with older cases, which could not be postponed. The motion is not verified, but attached to it is an affidavit signed by R. L. Stennis, in which he sets out in detail the professional engagements which have prevented him from preparing and filing his brief, but neither by affidavit of Stennis nor Cocke is it made to appear that the latter could not have briefed the case. The application to probate the will was filed by Cocke & Gribble, a law firm of Collingsworth county, and the record shows that Mr. Cocke, a member of said firm, is still of counsel in the case.

[1, 2] The general rule is that other professional engagements of counsel are not sufficient excuse for the failure of appellant's attorney to properly brief his case. If he finds that he will not be able, because of other professional business, to prepare and file his brief, it is the duty of his client to employ other counsel to do so. American Warehouse Co. v. Hamblen (Tex. Civ. App.)

146 S. W. 1006; Lasker Real Estate Ass'n v. Word, 58 Tex. Civ. App. 316, 123 S. W. 709.

In any event, no reason is shown why the brief was not prepared and filed by Cocke & Gribble, or by Mr. Cocke, whom this court recognizes to be an attorney of ability. No sufficient excuse being shown for appellant's failure to brief his case, the motion to heel is overruled.

The appeal is dismissed for want of prosecution.