This suit was instituted in the district court of Floyd county by the plaintiff, Commercial Standard Insurance Company, to set aside an award made by the Industrial Accident Board of this state in favor of W. R. Carr, employee, J. D. Ayres and C. Payne, his attorneys, on account of injuries received by Carr in the course of his employment as an employee of the Panhandle Sand Gravel Company. The plaintiff filed with the papers in the case, for the purpose of showing the jurisdiction of the court, a copy of the award made by the Industrial Accident Board.
The defendants answered by way of cross-action, and alleged that on November 23, 1928, the Panhandle Sand Gravel Company carried compensation insurance with the plaintiff for the protection of its employees; that on said date W. R. Carr was in the employ of the Panhandle Sand Gravel Company, and in the course of his employment received and sustained injuries, which are set out; that as a result of said accident he is permanently injured and totally incapacitated for work; that prior to and at the time of said injury W. R. Carr was earning as an employee of the Panhandle Sand Gravel Company an average daily wage of $7.50 and an average weekly wage of $45; that he is entitled to recover of the plaintiff, Commercial Standard Insurance Company, $20 per week for the period of 401 weeks. He also alleged the necessary facts to give the court jurisdiction and to authorize a lump sum settlement. That Jeff D. Ayres and H. D. Payne are regularly practicing attorneys at law and have been employed by him to prosecute his suit.
In response to special issues submitted by the court, the jury found, in effect, that W. R. Carr sustained personal injuries on the 23d day of November, A.D. 1928; that such injuries resulted in his total incapacity, which would be permanent for a period of 100 weeks, but that Carr was not entitled to a lump sum settlement. On this verdict and the findings of the court that W. R. Carr was, on November 23, 1928, in the employ of the Panhandle Sand Gravel Company as a carpenter and was receiving an average daily wage of $7.50 and an average weekly wage of $45, judgment was rendered against the Commercial Standard Insurance Company for the sum of $20 per week for a period of 100 weeks, that the compensation for 30 weeks had already matured, that Jeff D. Ayres and H. D. Payne were the attorneys of W. R. Carr, and said judgment should be paid two-thirds to Carr and one-third to his attorneys; from which judgment the insurance company prosecutes this appeal.
Before entering upon a consideration of this appeal on its merits, we are confronted with appellees' motion to strike out appellant's briefs.
The record discloses that the case was filed in the district court by appellant on March 15, 1929, to set aside the final award of the Accident Board made on February 8, 1929; that the case was tried and judgment entered on June 22, 1929, and on the same date appellant's motion for new trial was overruled; that supersedeas bond was filed July 11, 1929, the bills of exception and statement of facts were filed in the district court on September 3d thereafter, and the transcript completed September 9th, and said transcript and statement of facts filed in this court September 23, 1929; that the case was set for submission in this court on December 4th thereafter; that on November 27, 1929, the appellant presented to this court its briefs, together with a motion to postpone or heel the case in order that appellees might have further time in which to prepare and file briefs, which motion is vigorously opposed by appellees.
The appellant and appellees had entered into a written agreement, waiving the filing of briefs in the lower court, but requiring that appellant furnish appellees with a copy of its brief 60 days before the date of submission in this court. The failure of appellant to furnish appellees with a copy of its brief, or tender them for filing in this court before November 27th, is due to the fact, as stated in its motion, that its attorney, D. A. Frank, has spent from two to six days of each week from October 10th, preceding November 27th, in the actual trial of cases in the district courts in different counties in the state; that he had to work on four or five different briefs in cases on appeal and made preparations in a great number of cases about to come to trial; that had it been foreseen that the time between the filing of the case in the Court of Civil Appeals and the submission therein would be so short, the record could have been held back and a makeshift brief could have been prepared and filed with the court, but, as it was, the writing of the brief was necessarily delayed until the busy season of the year, when the attorney was crowded with many other matters of importance.
"The general rule is that other professional engagements of counsel are not sufficient excuse for the failure of appellant's attorney to properly brief his case. If he finds that he will not be able, because of other professional business, to prepare and file his brief, it is the duty of his client to employ other counsel to do so." Camp v. Neal (Tex.Civ.App.)2 S.W.2d 473.
"It has been held that appellant's brief was filed too late, resulting in its being stricken, where the periods remaining before submission of the cause amounted to one day, two days, three days, four days, five days, six days, seven days, eight days, nine days, ten *Page 1103 
days, eleven days and twelve days." 3 Tex Jurisp. p. 930, § 651, and authorities cited.
In our opinion, the appellant has wholly failed to show "good cause" for not furnishing appellees with a copy of its brief at an earlier date and presenting them to this court before November 27th, and appellees' motion to strike its brief is sustained.
On November 20th, the appellees filed in this court their brief, in which they present the proposition that, where an appeal is taken for delay and without just cause, the judgment should be affirmed with 10 per cent. damages on the amount thereof, together with interest and cost.
"It is common practice for an appellee seeking damages for delay to file a written motion asking that the judgment of the lower court be affirmed with ten per cent damages. Such a request imposes upon the Court the duty of examining the entire record for errors and to reverse the case if any errors are found, and this whether or not any errors have been assigned." 3 Tex. Jurisp. p. 1136, § 799.
This rule was announced in Riggs et al. v. Wm. S. Horde et ux., 25 Tex.Supp. 456, 78 Am.Dec. 584, by Chief Justice Wheeler in this language: "There is no assignment of errors; and, as the error does not go to the foundation of the action, and is not, therefore, of a character to require notice without an assignment of error, we might have affirmed the judgment, and put an end to this unfortunate litigation, had not the appellee seen proper to suggest delay. That requires a revision and reversal of the judgment for any error apparent upon the record, though not assigned as error."
In Oilmen's Reciprocal Association v. Coe et al. (Tex.Civ.App.)6 S.W.2d 1046, 1047, the court says: "The motion of appellee to allow damages as provided by R.S. 1925, art. 1860, makes it necessary for us, independently of assignments of error, to examine the entire record in the case to ascertain if there exists any theory under which it should be reversed. Rose v. Brantley (Tex.Civ.App.) 262 S.W. 193; Davis v. Teal (Tex.Civ.App.) 200 S.W. 1166; Nasworthy v. Draper (Tex.Civ.App.)28 S.W. 564."
Appellees having suggested that the appeal was for delay and requested that the case be affirmed with damages necessitates our ascertaining if there is any theory under which it should be reversed.
The record discloses, without contradiction, that appellee Carr went to work for the Panhandle Sand Gravel Company in June, 1928, as a carpenter, and received $7.50 per day for his services, and worked 6 days per week; that on November 23, 1928, while so engaged for said company, he received his injuries; that, prior to the time he began work for the Panhandle Sand Gravel Company, he had been working at Daugherty for $8.50 per day for the South Plains Lumber Company. This is all the testimony in the record relative to the length of time or employment and the work that appellee Carr was engaged in for the Panhandle Sand 
Gravel Company and all the testimony regarding his employment previous thereto.
Carr was entitled to "a weekly compensation equal to sixty per cent. of his averge weekly wage" and "the average weekly wage of an employee shall be 1/52nd part of the average annual wage." In Petroleum Casualty Co. v. Williams, 15 S.W.2d 553, 555, after quoting subdivisions 1, 2, and 3 of section 1 of article 8309 of the Revised Statutes of 1925, the Commission of Appeals says: "We are further of the opinion that substantially a year, within the meaning of subdivisions 1 and 2, is exactly 300 days or close to, or near to 300 days. It may be slightly more than 300 days or slightly less than 300 days. That is to say substantially a year means a year or about a year, or so near a year as to be a year for all practical purposes."
In reaching the conclusion that the Legislature intended to make 300 days a year of labor for the average laborer, the court takes 365 days and deducts from that amount the 52 Sundays and the 11 holidays in a year.
The testimony does not disclose on what date in June appellee Carr began work for the Panhandle Sand Gravel Company, but, considering that he began work on the 1st of June, and was injured on the 23d day of November thereafter, he was engaged for said company less than six months, without excluding any holidays. It has been held that working at the same employment for 3, 4, or for even 7 months does not constitute substantially a year. Texas Employers' Insurance Association v. Fitzgerald (Tex.Com.App.) 296 S.W. 509; Texas Employers' Insurance Association v. Villarreal et al. (Tex.Civ.App.) 1 S.W.2d 692; Federal Surety Co. v. Shigley (Tex.Civ.App.) 7 S.W.2d 607; Southern Surety Co. et al. v. Martin (Tex.Civ.App.) 16 S.W.2d 929; Employers' Liability Assurance Corp., Ltd., v. J. L. Butler et al. (Tex.Civ.App.) 20 S.W.2d 209.
The testimony of appellee Carr that prior to going to work for the Panhandle Sand Gravel Company he was working for $8.50 per day fails to show what length of time he had been so engaged, and, under the provisions of the statute defining how the compensation of an injured employee shall be determined and the decisions of the courts as to what constitutes substantially a year, the testimony is wholly insufficient as a basis for determining the average weekly wage of appellee Carr.
 The judgment is reversed, and the cause remanded. *Page 1104