GRAVES et ux. v. CONNECTICUT GEN. LIFE INS. CO. et al.

No. 13537.

Court of Civil Appeals of Texas. Fort Worth.

March 19, 1937.

Rehearing Denied April 23, 1937.

Bliss & Daffan, of San Antonio, for appellants.

Moursund, Ball, Moursund & Bergstrom and William E. Remy, all of San Antonio, for appellees.

SPEER, Justice.

A. R. Graves and his wife, appellants, filed this suit against the Connecticut General Life Insurance Company and L. J. Hart, appellees, in the Forty-fifth district court of Bexar county, alleging that appellees held a note against them for $9,000, purporting to be secured by a deed of trust lien on certain property in Bexar county, claimed by appellants as their homestead; that $6,000 of the amount evidenced by the note was secured by a valid vendor's lien, but that the remainder was not money for which a lien could be created against their homestead. They pleaded that certain payments had been made on the obligation, and prayed that all payments be credited as against that part of the obligation which was secured by a proper lien on the real estate.

Appellees answered with general and special demurrers, general denial, and in cross-action for debt against the husband and a foreclosure of their lien for the entire indebtedness against both the husband and wife.

The case was tried to a jury on special issues, in response to which the jury determined the question of homestead against the contention of appellants, and in favor of appellees for their debt. The court rendered judgment in favor of appellees as prayed for. From this judgment the appellants have perfected their appeal to the San Antonio Court of Civil Appeals, and, by order of the Supreme Court, it has been transferred to this court.

There are no briefs filed by either party which we are authorized to consider. The submission of the case was duly set for hearing on February 19, 1937, and all parties notified thereof.

Under article 1848, Rev.Civ.St. (as amended by Acts 1935, c. 90, § 1 [Vernon's Ann.Civ.St. art. 1848]), the time for filing briefs by appellants expired on January 18, 1937. On February 2, 1937, appellants delivered to the clerk of this court their briefs and requested that they be filed; the clerk was not authorized to file them and notified appellants of his declination. On the day of submission, appellants filed a motion for leave to file their briefs. In this motion the reasons assigned for not having filed sooner were that they had been unable to raise funds with which to employ a typist to copy their counsel's penciled notes, and that their counsel had been engaged in other legal matters preventing the giving of time to preparation of the necessary briefs in this cause.

Appellees have filed a motion to strike appellants' briefs, for the reason that they had not received a copy thereof in sufficient time to enable them to reply thereto prior to the date of submission of the cause. No request was made by appellants for a postponement of submission and appellees insist upon the hearing of this cause in its due order, as provided by the above-cited statute.

We do not consider the reasons assigned by appellants show "good cause," as that term is used in the statute, to excuse them from complying with the rules in such matters. Commercial Standard Ins. Co. v. Carr (Tex.Civ.App.) 22 S.W.(2d) 1101; Camp v. Neal (Tex.Civ.

App.) 2 S.W.(2d) 473; Lasker Real Estate Ass'n v. Word, 58 Tex.Civ.App. 316, 123 S.W. 709.

The law has vouchsafed to appellees a valuable right to have the case heard and disposed of in its regular order, and this right may not be taken away and thus penalize them, because of a failure by appellants to meet the requirements of the statutes and rules of procedure promulgated thereunder. Rowntree v. Peck Furniture Co. (Tex.Com. App.) 248 S.W. 26; Stripling v. Spivey (Tex.Civ.App.) 57 S.W.(2d) 173, writ dismissed; Will et al. v. Davidson (Tex. Civ.App.) 285 S.W. 940. For the reasons shown, we must overrule appellees' motion for permission to file briefs.

There is a motion by appellees on file to strike out the statement of facts filed by appellants. The statement of facts was not approved by appellees, but is signed by appellants and bears the usual and customary certificate signed by the trial court. Appellees claim it was not presented to them for approval until the last day for filing and that because it contains about 250 pages, besides many original documents, they did not have sufficient time to inspect it to determine if they would approve or disapprove it; but point out several matters claimed by them to be material, shown therein, which they contend were not correct. It does not purport to be a statement made up by the court upon disagreement of counsel. However, we find it unnecessary to determine if it should be stricken because of the view we have taken of the disposition that should be made of the appeal.

Having considered the motion of appellants for leave to file briefs, coming as it did on the date of submission for the cause, and the replication of appellants objecting to such leave being granted, the motion is overruled, and the briefs will not be considered by us.

We have examined the record and find no fundamental error for which the case should be reversed, and under article 1848, Rev.Civ.St. (as amended by Acts 1935, c. 90, § 1 [Vernon's Ann.Civ.St. art. 1848]) and rule 38 for Courts of Civil Appeals, and Summers v. Lipscomb (Tex.Civ.App.) 101 S.W.(2d) 375, it becomes our duty to dismiss the appeal.

Appeal dismissed.