### DUNCAN et al. v. SCOTT et al.

No. 13896.

Court of Civil Appeals of Texas. Fort Worth.

April 7, 1939.

Rehearing Denied May 19, 1939.

Hill & Bath, of Henderson, for appellants.

L. L. James, of Tyler, and C. H. Machen, H. C. Chancellor, and Harold E. Wood, all of Dallas, for appellees.

BROWN, Justice.

Appellees sued appellants for breach of a contract to drill oil wells on appellees' land, situated in the nationally known East Texas Oil Field, off-setting oil wells drilled on adjacent tracts, which naturally tended to drain the oil in and under appellees' lands.

It was alleged and shown that the tract of land was located well within the proven territory and that every well actually drilled on the tract was a commercial producer.

The jury found for appellants as to some of the offset wells and against them as to only one.

The trial court, on the verdict of the jury, and on stipulations made by all parties litigant, awarded judgment for damages in favor of appellees.

Appellants appealed to the Court of Civil Appeals at Texarkana, and the Supreme Court has transferred the case to this Court.

Although the statute governing the filing of briefs (R.C.S. Art. 1848, Vernon's Ann. Civ.St. art. 1848) gives a distinct advantage to appellants, in that an appellant has from the day in which he lodges his case in an appellate court up and until 30 days before the case is submitted in such court in which to prepare his brief, and is given eight weeks notice prior to the date of the submission of his case, while the appellee is given only 25 days in which to prepare and file his brief; nevertheless, the appellants waited until long after the statutory period given them in which to file briefs, before they tendered such briefs for filing.

The Clerk of this Court being without authority to file same out of season, the appellants filed a motion asking leave to file same, which is duly contested.

The brief tendered contains 101 pages, is printed and has 22 assignments of error and 16 propositions.

It would be manifestly unfair to force an appellee to prepare a reply brief to such a voluminous brief in just a handful of days.

It is likewise just as unfair to force an appellee to lose his natural place on the docket and to thereby have his case unnecessarily delayed, when the responsibility for the delay is occasioned solely by the failure of the appellant to comply with the statute governing the filing of his brief and when such failure is not excused.

It is likewise unfair to give a litigant an opportunity to try his case in its regular order and when he negligently fails to prepare for such trial, then postpone the hearing of his case to some day that necessarily displaces another litigant, who is diligent.

Because we feel that litigants should be diligent in preparing their cases for trial, we have made it a rule to heel all cases that are not ready for trial, and then only when all of the parties to the appeal agree that the case be heeled.

Appellees are not willing to any such postponement and they are well within their rights in resisting it. Graves et ux. v. Connecticut Gen. Life Ins. Co. et al., Tex.Civ.App., 104 S.W.2d 121; Hinckley-Tandy Leather Co. et al. v. Hazlewood, Tex.Civ.App., 45 S.W.2d 1103.

138

When this cause was regularly called for trial, or hearing, appellants' counsel was advised that we were not inclined to grant his motion for leave to file his briefs, and counsel suggested that there are fundamental errors in the record. We very promptly advised him that submission would be taken of the case and that he could feel free to file a brief or argument on fundamental errors.

The motion for leave to file briefs on behalf of appellants is overruled, and we will consider the matters urged by appellants as fundamental error.

The matters having been presented in an argument and what is best designated, in narrative form, we can only give the substance of the contentions.

�but It is first contended that the trial court did not submit, nor did the plaintiffs request the submission of an issue to the jury in regard to whether or not drainage and its consequential damages occurred to the lease in controversy by reason of wells drilled on adjacent tracts.

The jury found "that it was reasonably required that an additional well be drilled on the Duncan and Holt lease to protect the said tract of land from drainage by the well shown as No. 3 Vaughan Well on the Defendants' Plat, and as No. 4 Vaughan on the Plaintiffs' plat on the Alford land."

In our humble opinion the findings by the jury established all of the facts and issues that appellants urge were not submitted to the jury.

The jury further found "that the defendants had not drilled a sufficient number of wells on the Duncan and Holt lease to protect said tract of land against drainage from offsetting producing wells."

If it could be said that all of the issues of fact are not clearly found by the jury in these two findings, then we submit that these issues that appellants urge have not been submitted are but incidental to the findings thus made and not challenged.

We are not called upon to look to the statement of facts in order to see what evidence was introduced which sustains the judgment of the court. It will be presumed that the evidence before the court justified every finding necessarily made by the trial court on every incidental and supplemental issue.

We do not believe that our conclusions do violence to the holdings in Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084, and Dallas Hotel Co. v. Davison, Tex.Com. App., 23 S.W.2d 708, or of any other decision from our Supreme Court.

It is next contended that there is fundamental error because the court did not submit and the plaintiffs did not request the court to submit an issue as to whether or not the defendants could have drilled the offset wells, of which complaint is made, with profit to the appellants.

These appellants contracted to drill the wells to offset wells on adjacent tracts and, if we understand the situation, the issue raised here was purely a defensive issue.

▮ It has long been the established law that where one has contracted to drill an oil well he may avoid damages for the breach of his contract by pleading and proving that he could not drill a well that would prove to be one producing oil in paying quantities.

▮ An inspection of appellants' pleading discloses that no such defense was pleaded and it follows that no such issue was given to the jury.

▮ It is next contended that appellees alleged their damages for the failure to drill the well, that was established by the jury verdict, at the sum of $3,123.19 (such sum being the market value of appellees' portion of the royalty based upon the production and market price of the oil), whereas the trial court rendered judgment for the sum of $3,548.73, and that the rendition of such judgment constitutes fundamental error.

We do not know how the trial court found these figures, under the stipulations and agreements made at the trial, and it is not our duty to search out the facts and to make the calculations from the statement of facts.

We do know that appellees' pleading is such that they are entitled to interest, and by simple calculation we find that by adding the statutory interest to the amount actually alleged as the proper recovery, the judgment as rendered is only about $66.45 more than the sum thus ascertained.

In the first place we do not see anything in the proposition that smacks of fundamental error and the excess, even if it could be shown there is such, is negligible, and would not warrant a reversal, neither would it warrant a reformation under this kind of record.

It is further contended that appellees' remedy is, under the terms of the drilling contract, that of forfeiture and cancellation, and not for damages.

In our opinion both such remedies may be applied in a proper case. 31 Tex.Jur., p. 848, par. 197; same text, p. 869, par. 208, and cases cited under each.

We do not see where fundamental error appears in this case, and the judgment of the trial court is affirmed.