## RANSOM v. PHILLIPS PETROLEUM CO. et al.

### No. 5214.

Court of Civil Appeals of Texas. Amarillo.

Oct. 28, 1940.

Rehearing Denied Nov. 25, 1940.

G. C. Harney, of Sherman, and Willis & Via, of Pampa, for appellant.

E. H. Foster and Tom D. Lumpkin, both of Amarillo, for appellee Phillips Petroleum Co.

Morgan, Culton, Morgan & Britain, of Amarillo, for appellee Hugh Miller.

JACKSON, Chief Justice.

This suit was instituted in the District Court of Hutchinson County by the appellant, Lee Ransom, against the appellees, the Phillips Petroleum Company, a corporation, and Hugh Miller, its duly authorized agent, to recover actual damages in the sum of $15,000 and exemplary damages for a like amount.

The appellant alleged that Hugh Miller, acting within the scope of his authority as agent for the corporate appellee, without provocation or justification, violently and maliciously assaulted and inflicted great personal injuries upon him and that the damages sued for proximately resulted from the injuries so received.

The case was called for trial on October 5, 1939, and on the verdict of the jury returned October 9th the court rendered judgment that appellant take nothing by his suit and the judgment was entered October 14, 1939.

The appellant filed his amended motion for new trial on October 28th which was on the same day overruled and the appellant excepted thereto and gave notice of appeal to this court.

The appellant filed his affidavit of inability to pay costs or any part thereof or to give security therefor on November 13, 1939. He made application for, and was extended by the court below, an additional ten days from December 17, 1939, to obtain statement of facts and transcript and file in the trial court. He thereafter presented the transcript and statement of facts to the clerk of this court and they were filed on December 27, 1939.

On June 24, 1940, the case was set by this court for submission on October 21 following and notice of the date of submission promptly given to the attorneys of the appellant and the appellees. On September 18th thereafter Newton P. Willis, who resides at Pampa, Texas, and who is one of the attorneys of record, requested the clerk of this court to forward to him at Pampa the record in the case for briefing and on the following day the clerk sent the record to said attorney by express. On October 15, 1940, the appellant tendered briefs to the clerk accompanied by a motion praying that his briefs be filed in this court.

In the motion he says that G. C. Harney, an attorney who formerly resided at Borger, Texas, was employed by him to try this case in the trial court and Harney engaged Newton P. Willis, a lawyer, to assist in the trial thereof; that G. C. Harney was employed to appeal the cause,

922

prepared the appeal, attended to the perfection thereof and the filing of the record in this court; that thereafter G. C. Harney moved to Sherman, Texas, and entered the practice of law; that about three weeks prior to October 15th, the date appellant's motion was filed, Harney notified Newton P. Willis by mail from Sherman, Texas, that he was engaged in a political race for county judge and had not been able to prepare briefs and requested that Willis do so; that Willis has been constantly engaged in court trials and because thereof unable to complete the briefs until the 15th day of October, 1940. Mr. Willis on October 19th thereafter forwarded the transcript and statement of facts to the clerk of this court and they were received here Sunday, October 20th, one day before the case was to be submitted.

The appellees filed an answer to the motion to file briefs and insist that in view of the admitted facts the motion wholly fails to show good cause for the delay.

Article 1848 of Vernon's Annotated Civil Statutes reads as follows: "Cases upon the trial docket of said Court which have not been advanced as provided by law, shall be set for submission eight weeks ahead of the date of submission and the parties or their attorneys of record notified of the date for submission, as provided in Section 1 of this Act. The appellant, or plaintiff in error, shall have thirty days from the date of such notice in which to file his brief in the Court of Civil Appeals and the appellee's brief shall be so filed at least five days before the date set for submission. Upon good cause shown, the Court of Civil Appeals may grant either or both parties further time for the filing of their respective briefs, and may extend the time for the submission of the case. (As amended Acts 1931, 42nd Leg., p. 98, ch. 64, § 1; Acts 1935, 44th Leg., p. 225, ch. 90, § 1.)"

In Camp v. Neal, 2 S.W.2d 473, this court, speaking through the lamented Chief Justice Hall, said: "The general rule is that other professional engagements of counsel are not sufficient excuse for the failure of appellant's attorney to properly brief his case. If he finds that he will not be able, because of other professional business, to prepare and file his brief, it is the duty of his client to employ other counsel to do so. American Warehouse

Co. v. Hamblen (Tex.Civ.App.) 146 S.W. 1006; Lasker Real Estate Ass'n v. Word, 58 Tex.Civ.App. 316, 123 S.W. 709."

In Commercial Standard Ins. Co. v. Carr et al., 22 S.W.2d 1101, 1103, in which other professional business was urged as "good cause", this court approved the holding in Camp v. Neal, supra, and said: "In our opinion, the appellant has wholly failed to show 'good cause' for not furnishing appellees with a copy of its brief at an earlier date and presenting them to this court before November 27th, and appellees' motion to strike its brief is sustained."

In 3 Tex.Jur. 930, para. 651, the author says: "It has been held that the appellant's brief was filed too late, resulting in its being stricken, where the periods remaining before submission of the cause amounted to one day, two days, three days, four days, five days, six days, seven days, eight days, nine days, ten days, eleven days and twelve days."

While these decisions predate the article of the statute above quoted, in Duncan et al. v. Scott et al., Tex.Civ.App., 128 S.W. 2d 136, after the article 1848 under discussion became effective, the court holds that if the appellant fails to file his briefs within the time prescribed and fails to show good cause for not doing so, his motion to postpone the submission if resisted by appellee should be refused.

In Pearlstone-Ash Grocery Co. v. Rembert Nat. Bank of Longview et al., Tex.Civ.App., 135 S.W.2d 559, writ refused, article 1848 is construed in harmony with the holdings of the earlier decisions and, in our opinion, the law is settled, since appellant did not' file briefs within the time required, his motion is entirely insufficient to show good cause.

It is undisputed that the motion for an extension of time to file briefs was made in this court on October 15th; that the record was not received here until October 20th; the case had been set for submission on the 21st. Appellees could not have filed briefs in time for submission on the day set. The granting of appellant's motion would have · required postponing the submission and the disposition of the appeal would have been delayed and appellees would thereby have lost their place on the docket due to the failure of appellant to comply with the statute either by filing briefs in time or showing good cause

for such failure. Duncan et al. v. Scott et al., supra.

It will be noted that the good cause relied on by appellant is that one of his attorneys was constantly engaged in court trying cases—attending to professional business—and that the other was engaged in a political race for county judge. It has often been held that an attorney's professional engagements are not good cause and we are certain that the fact that an attorney is engaged in running for office would not constitute the good cause required in the statute.

■ There is no fundamental error apparent of record and the law seems to be that when briefs are stricken for failure to file within the time prescribed by law the judgment should be affirmed. Pearlstone-Ash Grocery Co. v. Rembert Nat. Bank of Longview et al., supra.

The motion of appellant to be allowed to file his briefs is overruled and the judgment of the trial court affirmed.