## R. C. Bowman v. G. D. Hoffman et al.

Decided February 15, 1902.

**Appeal—Failure to File Briefs.**

Appellant's failure to file briefs in the Court of Civil Appeals is cause for dismissing the appeal, even though there are assignments in the record presenting fundamental error. Revised Statutes, articles 1019, 1417, and Supreme Court Rules, 29, 34, 39, construed.

Appeal from Red River. Tried below before Hon. Ben. H. Denton.

*Lenox & Lenox,* for appellees.

RAINEY, Chief Justice.—On a former day of this term this appeal was dismissed for the reason that appellant had failed to file briefs. He now presents a motion for rehearing, and states that no briefs were filed for the reason that the assignment of error presents fundamental error and he did not deem it necessary to file briefs. This, in our opinion, is not a sufficient excuse for not filing briefs, nor do we think the statutes or rules require this court to examine a record for fundamental error in the absence of briefs pointing out such error. For the proper submission of a cause in this court the statute (Revised Statutes, article 1417) requires briefs to be filed both in the court below and in this court. Rule 29, adopted by the Supreme Court for the government of the courts of civil appeals, provides that "the appellant, or plaintiff in error, in order to prepare properly a cause for submission when called, shall have filed a brief of the points relied on in accordance with and confined to the distinct specification of error (which assignments shall be copied in the brief) and to such fundamental errors of law as are apparent upon the record, each ground of error being presented under the proper assignment; and each assignment not so copied and accompanied with its appropriate propositions and statements shall be regarded as abandoned," etc.

Rule 24 provides: "In propositions relating to fundamental errors of law apparent upon the record, enough must be stated to make the error of law which pervades the case obviously apparent, without requiring the court to search through the record to find errors, which they will not do unless properly pointed out, if the judgment is one which the trial court is competent to render in such case."

Thus it will be seen that errors, either fundamental or otherwise, not pointed out in the brief are not required to be considered. The various appellate courts of this State have uniformly held that errors not copied in the briefs were waived and would not be considered. In view of the rules and the holdings of the various courts, it seems to us illogical to hold that in the entire absence of briefs the court is bound to examine the record for fundamental errors of law. It is not done even where briefs are filed and no fundamental error is pointed out in the brief.

Again, article 1019 makes the filing of briefs an appearance for the party, and states, in effect, that when briefs are filed the cause shall not be dismissed for want of prosecution. This is authority for the holding of the converse, that is, if no briefs are filed by the appellant this court may dismiss for want of prosecution.

Rule 39 also authorizes the dismissal of a cause for want of prosecution under certain circumstances.

Counsel in support of their contention cite Railway v. Holden, 93 Texas, 211, and quote the following language of the court relating to rule 39, viz: "Literally the rule applies only when there is a failure to file both [assignments of error and briefs]; and hence, if we are to be governed by the letter of the rule, it does not apply in this case." That court distinctly announced that it did not "rest its conclusion upon this ground." If the language used is to control in any case, then the logical result would be that where no assignment of error had been filed in the court below, and briefs had been filed in this court, then a dismissal could not be had for failure to file assignment of errors. It is evident that the court did not intend to so hold. In its construction of rule 39 it merely held that the rule did not require a dismissal of appeal for every slight departure from its provisions, where no injury could result from the infraction to the opposite party.

We do not consider that the failure of appellant to file briefs in this court is a "slight infraction" of the rules, but a gross failure to properly prepare a cause for submission, and should be treated as an abandonment of the appeal. Our Supreme Court in several cases have held the failure to file briefs in that court a sufficient ground for dismissing for want of prosecution. Grant v. Timmons, 78 Texas, 11; Pearson v. Machine Co., 78 Texas, 386.

The motion for rehearing is overruled.

*Appeal dismissed.*