W. L. Haynes v. J. M. Radford Grocery Company.

No. 5180. Decided March 13, 1929.

(14 S. W., 2d Series, 811.)

No briefs of counsel were on file.

Mr. Presiding Judge HARVEY delivered the opinion of the Commission of Appeals, Section A.

Certified questions from the Court of Civil Appeals for the Eleventh District. The facts upon which the questions are predicated are thus stated in the certificate:

"The above case has been submitted and is before us for disposition. The appeal was perfected by the filing of a supersedeas

bond which may, of course, have the effect of making a judgment of affirmance in this court of more value to the appellee than the judgment of the trial court. The case comes to us upon a transcript and statements of facts, without any brief by either appellant or appellee; and there is no motion of appellee either to dismiss or affirm, and no motion of appellant seeking to be excused for the failure to file briefs, or for permission to do so."

The certified questions submitted read as follows:

"No. 1. When, upon appeal or writ of error from the trial court to the Court of Civil Appeals, no briefs are filed by either party and no excuse offered by appellant for failure to file briefs, is it the correct practice under Rule 39 for the appeal to be dismissed?

"No. 2. Under the circumstances stated in the first question, is the Court of Civil Appeals under any duty to inspect the record to discover the possible existence of fundamental error?

"No. 3. Under the circumstances stated in the first question, has the Court of Civil Appeals the discretionary power to affirm the judgment of the trial court, provided, upon an inspection of the record, no fundamental error appears?

"No. 4. If the third question is answered in the affirmative, then in a case where the Court of Civil Appeals does exercise its discretion to look into the record to determine the existence of fundamental error, and such error is found, is it then the duty to reverse the cause, or would the court, in such case, upon discovering an obstacle to affirming the judgment, thereupon dismiss the case for want of prosecution?"

The failure of all parties to an appeal, without good cause being shown, to file briefs in accordance with the rules prescribed by the Supreme Court, authorizes the Court of Civil Appeals to dismiss the appeal without inspecting the record for fundamental error. Gant v. Timmons, 78 Texas, 11; Pearson v. Household Sewing Machine Co., 78 Texas, 385; Bowman v. Hoffman, 28 Texas Civ. App., 311, 67 S. W., 152. If, however, the court, in the exercise of sound judicial discretion, concludes that the ends of justice will be better subserved by an affirmance of the judgment of the trial court rather than by a dismissal of the appeal, then the court may affirm such judgment if an inspection of the record discovers no fundamental error. If such an error is discovered, it then becomes the duty of the court to reverse the judgment; for, having exercised its discretion to make the inspection, the court would not

meet the requirements of justice if its eyes were closed to fundamental error when found. This just procedure was recognized by our Supreme Court many years ago (Rio Grande Ry. Co. v. Brownsville, 45 Texas, 88); and no reason is discerned for disregarding it now.

What has been said supplies answer to all the certified questions, and we recommend that they be so answered.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

*C. M. Cureton,* Chief Justice.