## McGRAW et al. v. ALBRACHT et al. (No. 576.)

Court of Civil Appeals of Texas. Eastland. May 3, 1929.

M. F. Billingsley and J. S. Kendall, both of Munday, for appellants.

D. J. Brookreson, of Benjamin, for appellees.

HICKMAN, C. J. Appellees instituted this suit against appellants Joe McGraw and First State Bank of Munday, Tex., alleging that they (appellees) were the owners of a certain tract of land situated in Knox county, described in the petition. After such allegations of ownership, the petition, omitting the prayer was as follows:

"That during the crop season of the year 1927 the plaintiffs had said lands rented to T. W. Trammell for farming purposes for which said tenant agreed and promised to pay to the plaintiffs the usual and customary crop rentals, that is one-fourth of all cotton and cotton seed raised on said farm and one third of all other crops raised thereon and that said tenant cultivated and caused to be cultivated said lands and gathered therefrom crops during said season;

"That the defendant Joe McGraw unlawfully executed and delivered to the defendant, the First State Bank of Munday, Texas. a purported mortgage upon said crops to be grown on said lands and premises during said crop season the exact nature of which is not known to plaintiffs, and that said bank is asserting some right, title or interest in and to the rentals arising from said crops, but the said defendant, McGraw, did not have any legal right to encumber said crops, or any rights therein and such claim of the said defendants are unlawfully asserted:

"That of the crops so raised on said premises, and gathered therefrom, the said First State Bank of Munday, Texas, procured possession of Fifteen Hundred Dollars in cash, out of the sale of rentals therefrom, belonging to the plaintiffs, and have failed and refused, and still fail and refuse to deliver same to the plaintiff, or any part thereof, to their damage in the sum of Fifteen Hundred Dollars, for which they now sue."

To this petition each of the defendants filed a general demurrer and various special exceptions challenging the sufficiency of the allegations therein to state a cause of action against them or either of them. These demurrers and exceptions were overruled by an order shown in the transcript, and exceptions were noted. Upon this petition judgment was rendered against the defendants jointly and severally for $1,201.56,. besides interest. From this judgment an appeal has been perfected to this court. A brief has been filed by appellant bank, but no brief has been filed by appellant McGraw. We shall dispose of McGraw's appeal first.

When an appellant files no brief in this court, it is discretionary with us whether we dismiss his appeal or inspect the record with a view to affirming the judgment if no fundamental error appears. Should we make the inspection and discover a fundamental error, the ends of justice require a reversal. Haynes v. J. M. Radford Grocery Co. (Tex. Com. App.) 14 S.W.(2d) 811. The brief of the appellant First State Bank has caused us to go into the record, and, having read same, a fundamental error against McGraw is apparent. This error lies in the fact that the petition above described states no cause of action against him.

There is but little to state on this question. We cannot understand upon what theory it was thought the allegations above copied stated a cause of action for a money judgment against McGraw. He is not charged with conversion or with having any money belonging to appellees. There is no allegation that his act in wrongfully executing a mortgage to the bank in any manner injured appellees. Neither is it charged that he participated in selling appellees' rent crops or in any other manner committing a tort injurious to appellees. This necessitates a reversal of

the judgment and a remand of the cause for another trial as to him.

The question of whether the petition states a cause of action against the bank, as against a general demurrer, is not free from difficulty; but we incline to the view that the petition, as to it, is not bad when every reasonable intendment is indulged in its favor. Rule 17 for District and County Courts, 142 S. W. xviii. But we are of the opinion that the bank's special exception No. 3 should have been sustained. By that exception it was pointed out that the petition was insufficient in that it wholly failed to allege how the bank procured possession of the money for which appellees sued. We believe the petition should have been amended to supply this deficiency.

Cases are rarely reversed on the sole ground that a special exception to a petition should have been sustained, but that error in this case, when considered in connection with the fact that the exception called for information as to the theory of liability relied upon, appears to us to be prejudicial, and, as the case can be best tried with both the appellants before the court, the judgment of the trial court will be reversed, and the cause remanded generally.