**J. S. McDANIEL, Appellant, v. W. F. DAVIS, Appellee. (No. 3734.)**

Court of Civil Appeals of Texas. Texarkana. Nov. 28, 1929.

H. M. Wade, of Rockwall, for appellant.
Carl G. Miller, of Rockwall, for appellee.

HODGES, J. The appellant sued the appellee for damages for the breach of a rental contract. It was alleged that the land was rented by the appellant to the appellee for the years 1926 and 1927, the rent being payable in a part of the crops grown on the premises. The complaint in the petition is that the land was not properly cultivated by the appellee, and that by reason of that fact appellant's portion of the crops was less than it should have been.

The following special issues were submitted to the jury:

"1. Did the defendant, W. F. Davis, work said premises during the year 1926 in a farmerlike manner?" Answer: "Yes."

"2. Was there a mutual agreement between the plaintiff and defendant and Raymond Davis, whereby the said premises were sublet to Raymond Davis for the year 1927?" Answer: "Yes."

"3. Was it agreed at any time between plaintiff and defendant that defendant would break the stubble?" Answer: "No."

Upon those issues the court rendered a judgment in favor of the defendant below.

We have examined the record, and find no reversible error. The judgment will therefore be affirmed.

**W. L. WATTS, Appellant, v. H. D. SIMPSON, Appellee. (No. 624.)**

Court of Civil Appeals of Texas. Eastland. Oct. 25, 1929.

Don A. Brooks, of Abilene, for appellant.
N. D. Cobb, of Merkel, and C. L. Hailey, of Abilene, for appellee.

PER CURIAM. This case was submitted on the record, neither party having filed briefs. Since the submission a written suggestion of fundamental error has been sent the court by appellant's counsel. On submission day, appellee's counsel appeared and orally requested the court to dismiss the appeal. This request was then orally granted.

It being discretionary with this court whether it dismiss the appeal or inspect the record for fundamental error [Haynes v. Radford Grocery Co. [Tex. Com. App.] 14 S.W. (2d) 811], we think it due appellee, whose attorney came in person to the court to make the request for dismissal, that we make our ruling orally expressed from the bench the formal order of this court.

The appeal will accordingly be dismissed.