## PELFREY v. JORDAN.
### No. 839.

Court of Civil Appeals of Texas. Eastland. March 20, 1931.

Samuel C. Harris, of Lovington, N. M., for appellant.

W. H. Garrett, of Colorado, Tex., for appellee.

HICKMAN, C. J.

This case has not been briefed by either party. A motion by appellee to dismiss the appeal on account of the failure of appellant to file briefs was overruled at a former day of this term. The rules have been definitely interpreted by the Supreme Court in Haynes v. J. M. Radford Gro. Co., 118 Tex. 277, 14 S.W.(2d) 811, to vest a discretion in Courts of Civil Appeals, when appellant fails to file briefs. Under this holding we are authorized either to dismiss the appeal, or to inspect the record to determine whether fundamental error appears thereon. Should no fundamental error appear after inspection, we are authorized to affirm the judgment of the trial court, but should reverse that judgment if fundamental error does appear. In passing upon appellee's motion to dismiss we determined to inspect the record, so that, if fundamental error appeared, appellant could have the benefit thereof. Accordingly, we have inspected this record and it discloses the following:

The action was for rent alleged to be due under a written contract, and for the foreclosure of a contract lien upon personal property, given to secure the rent. The case was tried before the court without the aid of a jury, and no findings of fact or conclusions of law were requested. The petition declares upon an indebtedness for an amount within the jurisdiction of the county court, and alleges the value of the personal property upon which foreclosure was sought to be $566.12. The petition therefore affirmatively discloses that the trial court had jurisdiction to hear and determine the cause. No essential allegation is omitted from the petition. The judgment was rendered during a regular term of the court, after answer filed by appellant, and for an amount less than that claimed in the petition. It therefore appears that no fundamental error was committed in the rendition of this judgment, and, since we can consider no other question in the absence of a brief, it is our order that the judgment of the trial court be affirmed.