**BRADLEY et al. v. JONES.**
No. 8585.

Court of Civil Appeals of Texas. San Antonio.
March 25, 1931.

Rehearing Granted and Judgment Affirmed
April 29, 1931.

Rehearing Overruled May 20, 1931.

**SMITH, J.**

This action was brought by defendant in error, as plaintiff below, to recover of plaintiffs in error the amount of a promissory note, and to foreclose the vendor's lien given to secure said note. None of plaintiffs in error's assignments of error filed in the court below are copied into the brief, but, as the case went off finally on general demurrer, the action of the trial court thereon, being fundamental, must be considered, even if no error is assigned thereon.

Plaintiffs in error's first assignment of error urged in their brief is that the "court erred in overruling defendants' special demurrers to plaintiff's petition." As that error, if any, was not assigned in the court below, and is not fundamental, it cannot be considered here.

Plaintiffs in error's third assignment is that "the court erred in sustaining plaintiff's several special demurrers to defendants' second amended original answer, after having sustained the general demurrer." The proposition under that assignment is that "the court having sustained plaintiff's general demurrer to defendants' second amended original answer, there was remaining in court subject to demurrer." For obvious reasons neither assignment nor proposition can be considered. Even if they were sufficient to invite consideration, they are supported by no statement from the record. Neither the pleadings nor exceptions relating to the assignment are set out in the brief, nor are any record references given by which they may be identified.

It appears from an inspection of the record that the sustaining of defendant in error's special exceptions to plaintiffs in error's answer had the effect of leaving nothing in the latter pleading on the merits but a general denial, and in this situation plaintiffs in error declined to amend, whereupon the court sustained the general demurrer to their answer, thereby holding, in effect, that their general denial constituted no defense to the cause of action set up in defendant in error's petition.

We have concluded upon rehearing that the court did not err in this ruling. The suit was upon a liquidated demand, and to foreclose the vendor's lien, as evidenced by written instruments alleged in the petition to have been executed by plaintiffs in error in the manner provided by law. This cause of action could be affirmatively resisted only by pleas of non est factum, payment, or other defenses required to be specially pleaded. In the absence of such special pleas plaintiffs in error's general denial constituted no defense to this suit, and the general demurrer to the answer as a whole was properly sustained. When, in this situation, plaintiffs in error declined to amend, the court properly proceeded to hear evidence upon the case made by the remaining pleadings. There is no statement of facts in the record, and it will be presumed that the evidence adduced was sufficient to support the judgment rendered and appealed from.

Defendant in error's motion for rehearing will be granted, the original opinion withdrawn, and the judgment affirmed.