### PETER CO. v. GREEN.
### No. 7657.

Court of Civil Appeals of Texas. Austin.

Sept. 30, 1931.

Rehearing Denied Oct. 28, 1931.

E. A. Wallace, of Cameron, for appellee.

McCLENDON, C. J.

The record contains no statement of facts, no assignments of error, and no brief for appellant.

Appellee has filed a brief under Courts of Civil Appeals Rule No. 39, and requests affirmance of the trial court's judgment.

Appellee is entitled under this rule to have the case considered from the viewpoint of his brief.

Also, it is within the discretion of this court, where appellant has filed no brief, to examine the record, and if no fundamental error is apparent, to affirm the judgment. Haynes v. Radford Co., 118 Tex. 277, 14 S. W.(2d) 811. For additional authorities on both points, see 3 Texas Jurisprudence, p. 936, § 655.

We have examined appellee's brief and have also examined the record. The suit was upon a promissory note, and the defenses pleaded were want of consideration and certain offsets. The trial court's findings negatived all defenses. We find no error, fundamental or otherwise, in the record.

The trial court's judgment is accordingly affirmed.

Affirmed.

On Motions for Rehearings in Nos. 7657 and 7700.

The Peter Company, appellant and plaintiff in error, moves for rehearing in each cause and to consolidate the appeal and writ of error proceedings.

■ The substance of its contention is that it had the right, after filing the record in this court, to abandon the appeal and sue out a writ of error. The general principle thus asserted is correct. Insurance Co. v. Clancey, 91 Tex. 467, 44 S. W. 482.

The rule is, however, subject to certain limitations.

■ In the first place the writ of error should be returnable to the same term of the appellate court as was the appeal. See Insurance Co. v. Cashion (Tex. Civ. App.) 293 S. W. 664, reversed on other grounds (Com. App.) 299 S. W. 895 and 3 Texas Jur. p. 58, § 18. The appeal was taken February 24, 1931, the record filed in this court May 16, 1931, and an order entered June 24, 1931, setting the cause for submission September 23, 1931. The writ of error was sued out June 29, 1931, and the record filed in this court September 16, 1931. The term of this court ended and a new term began on the first Monday in October, 1931. Acts 1927, 40th Leg., 1st Called Sess., p. 147, ch. 50, § 1 (Vernon's Ann. Civ. St. art. 1816), amending Rev. St. art. 1816. Under chapter 64, p. 98, Gen. Laws Reg. Sess. 42d Leg. 1931 (Vernon's Ann. Civ. St. arts. 1847, 1848), even if the writ of error proceeding had been set down for submission on the very day the record was filed (September 16th), it could not have been set for an earlier date than November 10, 1931, seven weeks later than the submission date in the appeal, and in another term of this court. But it could not have been reached on that date due to the fact that a large number of cases were filed in this court between filing the appeal record and that of the writ of error, and the latter would not have been reached in the regular order of its setting until the first Wednesday in February, 1932. Had appellant promptly filed its writ of error record, moved for a consolidation of the two proceedings, and filed its brief in time to have had the cause presented upon the date set for submission of the appeal, all of which the record shows was readily within appellant's power, a wholly different situation would have been presented. But the writ of error record was not filed in this court until seven days before the submission date in the appeal, no brief has ever been filed in either proceeding by appellant, and no effort was made to consolidate the two proceedings until after we had affirmed the cause on appeal and dismissed the writ of error upon appellee's motion.

■ Another limitation upon the right to successive appeals is the right given to appellee under C. C. A. Rule 39. As stated, the appeal was regularly set for submission on September 23, 1931, by order of June 24, 1931. Notice of such setting was promptly given the parties. Appellant filed no brief; whereupon

appellee availed himself of the right accorded, in rule 39, briefed the cause, and asked for an affirmance of the judgment. If appellant had sought a dismissal of the appeal, before the right to an affirmance accrued under rule 39, he would have been entitled to such order. He could not, however, deprive appellee of his rights under the rule, by mere inaction.

■ Appellant has not brought itself within any rule which would entitle it as a matter of law to the relief it seeks; nor is there a reasonable showing of diligence, which is essential in invoking the discretionary powers of the court.

The several motions are overruled.

Motions overruled.