## ANDERSON et ux. v. COX.
### No. 924.

Court of Civil Appeals of Texas. Eastland.

Dec. 4, 1931.

Rehearing Denied Jan. 22, 1932.

Wilburn Barcus, of Big Spring, for appellants.

Thomas & McDonald, of Big Spring, for appellee.

HICKMAN, C. J.

This case has not been briefed. We have inspected the transcript, and same discloses a fundamental error on its face. Under the holding of the Supreme Court in answer to a certified question from this court in Haynes v. J. M. Radford Grocery Co., 118 Tex. 277, 14 S.W.(2d) 811, we would not meet the requirements of justice were we to close our eyes to fundamental error when found. We shall therefore proceed to dispose of the appeal on questions of fundamental error only.

Appellee D. B. Cox sued appellants W. R. Anderson and wife, Wilma Anderson, on a promissory note for the principal sum of $5,500, and the foreclosure of a deed of trust lien upon certain real estate. Usury was pleaded by appellants, and their plea was sustained. Judgment was accordingly rendered for the actual original indebtedness, disregarding all interest, and for the attorney's fees provided in the note. Both defendants have appealed. The petition discloses on its face that Mrs. Wilma Anderson is a married woman, the wife of W. R. Anderson. No facts whatever are pleaded which would authorize a personal judgment against her on her note. It was not alleged that the indebtedness was incurred for necessaries or for the benefit of her separate estate. It is the settled law of this state that such a petition will not support a money judgment against a married woman. Trimble v. Miller, 24 Tex. 214; Covington v. Burleson, 28 Tex. 368; Daniel v. Sayle (Tex. Civ. App.) 40 S. W.(2d) 1101.

Ordinarily, an error of this nature calls for a remand of the cause for a new trial. However, there are findings of fact by the trial court in the transcript, and these findings disclose that the note was given for a loan, which indicates that no recovery could be had against Mrs. Anderson upon amended pleadings in another trial. Our order will therefore be that, in so far as the judgment below awarded a personal recovery against Mrs. Wilma Anderson, the same be reversed and here rendered in her favor, and that in all other respects the judgment below be affirmed.

Should appellee, on motion for rehearing, complain of this order and request a general remand of the case, the order will probably be changed accordingly. One-half of the costs of this appeal will be adjudged against appellant W. R. Anderson, and one-half against appellee D. B. Cox.

Affirmed in part; reversed and rendered in part.