## HINCKLEY–TANDY LEATHER CO. et al. v. HAZLEWOOD.

### No. 941.

Court of Civil Appeals of Texas. Eastland.

Jan. 15, 1932.

Rehearing Denied Feb. 12, 1932.

See also (Civ. App.) 35 S.W.(2d) 209.

G. L. Robertson, of Fort Worth, L. H. Welch, of Breckenridge, and Chas. H. Clark, of Breckenridge, for appellants.

Ben J. Dean, of Breckenridge, for appellee.

LESLIE, J.

The record in this case was filed in this court July 6, 1931, and the cause submitted December 18, 1931. The eight weeks' notice of submission was duly given. The appellant attempted to file its brief in this court December 16, 1931. On December 18th, it presented a motion to have its briefs filed. The appellee resists this motion and moves the court to overrule the same and dismiss the appeal on the ground that the appellant failed to file briefs within the time and manner prescribed by law.

On October 5th, the clerk of this court notified the respective litigants and their attorneys of the date of submission, December 18th. From the date of notice appellant permitted seventy-two days to elapse before tendering the briefs for filing in this court. The law as amended by a recent act of the Legislature required that the appellant file such

brief in this court within thirty days from the date of such notice, and that the appellee's brief be filed at least five days before the date set for submission. Chapter 64, General Laws, 42d Leg., Regular Session, p. 98 (Vernon's Ann. Civ. St. arts. 1847, 1848). The appellant's brief should have been filed here not later than November 4, 1931. Such compliance with the law would have given the appellee thirty-nine days in which to file his briefs. It is apparent that the case has not been briefed in this court according to law, unless the appellant shows "good cause" why it should be permitted to file its briefs out of time. The appellee has made no agreements waiving his rights under the rules and the statute.

The "good cause" advanced as a reason for permitting the briefs to be now filed is, in substance, that: "One of the attorneys for the appellants resides in Fort Worth * * * and the other * * * in Breckenridge * * *. Each attorney thought and was under the impression the other attorney would revise the brief prepared on the former appeal and see that the same was filed in time."

Six days before the date of submission the Breckenridge attorney took up with the leading attorney the matter of whether oral argument in behalf of the appellants would be presented on the submission. It was then found that no written brief had been prepared and filed for the appellants. In connection with these facts it is presented that the briefs of both parties would necessarily be in fact brief and merely a repetition of contentions and arguments presented by the respective parties in briefs duly filed by each of them in this court on the former appeal of the case.

If a brief is not filed by the appellant within the time and manner prescribed by law, or the same be filed in accordance with a satisfactory agreement between the litigants, this deprives the appellee of a substantial right and is cause for dismissal. Dodd v. Presley (Tex. Civ. App.) 81 S. W. 811; N. Nigro & Co. v. Hodges (Tex. Civ. App.) 85 S. W. 1169.

The appellant tendered a copy of its brief to the appellee on December 16th, two days before the date of submission. Manifestly the appellee was deprived of the right and privilege of briefing the case in the light of the appellant's contentions.

In the case of Elkins v. Kempner (Tex. Civ. App.) 66 S. W. 576, it is held that a brief filed two days before submission was good grounds for dismissal, and in the case of Alderete v. Mosley (Tex. Civ. App.) 189 S. W. 1083, where a case was set for submission November 9th, and motion was filed November 1st for permission to file briefs, it was held that the appeal should be dismissed. A like ruling was made in West Louisiana Bank v. Terry (Tex. Civ. App.) 229 S. W. 639, where the record was filed on December 6th, and the cause set for submission February 24th, and counsel notified of the same on November 10th. There the appellant left no brief with the appellee until February 19th.

Other authorities equally as strong and in point on the facts are: Searle v. San Antonio Hotel Co. (Tex. Civ. App.) 244 S. W. 571; Mandry v. Brown Cracker & Candy Co. (Tex. Civ. App.) 248 S. W. 1095; Rowntree v. Peck Furniture Co. (Tex. Com. App.) 248 S. W. 26; 3 Tex. Jur., p. 926, §§ 650–654; Rule 39, 142 S. W. xiii.

These authorities (under the old law and the rules) indicate the requirements for filing of briefs in this court. Based upon the same, the appellee had then certain substantial rights to which he was entitled. Under the law as recently amended he has such rights: First, to have the cause submitted in regular order of the date of its filing; and, second, to be allowed the time extending from the date appellant files his brief to five days prior to the date of submission in which to prepare and file a brief—in this case, thirty-nine days.

As the situation presents itself, if this court declines to sustain the motion to dismiss the appeal it leaves the appellee in this court without a brief, and that without fault or negligence on his part. Should the motion to dismiss be overruled and the submission set aside, or additional time allowed appellant in which to brief the case, the appellee would have to forfeit or forego his right to have the case disposed of in the regular order under the statute. To overrule the motion to dismiss under the circumstances, and permit the appellant to file his brief, would be about equivalent to holding that the appellee should have briefed his case in the one or two days between the date of submission and the date appellant's brief was first tendered to him.

The foregoing authorities originated under the law and court rules heretofore existing, and they amply warrant this court in overruling the appellant's motion to file briefs and in sustaining the appellee's motion to dismiss the appeal. However, in the light of the recent act of the Legislature (Acts 1931, c. 64 (Vernon's Ann. Civ. St. arts. 1847, 1848) amending articles 1847 and 1848 of the Revised Civil Statutes of Texas 1925, there can be no doubt of our duty in the premises. That amendment provides that causes on the trial docket of this court shall be submitted in the order of the date of filing, and that the clerk shall notify the parties or their attorneys of the date of filing and of the date set for submission. That such cases as have not been advanced for certain reasons shall be set for submission eight weeks ahead of the date of submission, and the parties or their attorneys notified thereof. The act then provides that the appellant shall have thirty days from the date of such notice in which to file his briefs in the Court of Civil Appeals, and that the appellee's briefs shall be so filed at least five

days before the date set for submission. It is further provided that, for good cause shown, the Court of Civil Appeals may grant either or both parties further time for the filing of their respective briefs and may extend the time for the submission of the case.

■ The emergency clause of this act is to the effect that the crowded condition of the dockets of the courts creates an emergency demanding the laws governing practice and procedure therein be so amended as to expedite and simplify the business of the courts. Here is clearly manifested the legislative intent in the matter of filing briefs by litigants in this court. Under the facts of this case this court is of the opinion that, in refusing to grant the appellant permission to file its briefs, it is but carrying out the legislative intent which prompted the amendment of the foregoing articles of the statute. The appellant fails to show a "good cause" which would justify this court in permitting the briefs to be filed at this late date. 3 Tex. Jur. p. 934, § 654, and authorities cited. The motion to file briefs is overruled. The motion to dismiss the appeal is likewise overruled.

■ The record has been examined to determine whether or not any fundamental error is shown which would prevent the affirmance of the judgment below. None appearing, the judgment of the trial court is affirmed. Haynes v. J. M. Radford Gro. Co., 118 Tex. 277, 14 S.W.(2d) 811; Id. (Tex. Civ. App.) 16 S.W.(2d) 1118.