## ADAMSON v. SETHMAN et al.

### No. 4037.

Court of Civil Appeals of Texas. Amarillo.
May 24, 1933.

Galbraith & Goodrich, of Brownsville, for plaintiff in error.

Abney & Whitelaw, of Brownsville, for defendants in error.

JACKSON, Justice.

The record in this cause was filed in the Court of Civil Appeals at San Antonio, Tex., on October 28, 1932. The Supreme Court ordered the case transferred, and the record was received and filed in this court on January 9, 1933. On March 1st the clerk of this court notified the respective attorneys of the litigants that the cause was set for submission on April 26, 1933, and that oral argument would be heard at San Antonio, Tex., on May 4th thereafter.

Plaintiff in error having filed no briefs prior thereto, one of the defendants in error, on April 26th, filed his motion in this court requesting that the writ of error be dismissed for want of prosecution.

On May 2, 1933, the plaintiff in error filed his motion to secure permission to file his briefs, and for good cause alleges that the notice of the clerk of this court of date March 1st was received at the office of his attorneys and inadvertently filed in such office, and that neither of his attorneys had seen such notice nor been advised of its receipt, nor made aware of the fact that the cause had been set down for submission. That such inadvertent filing of such notice was not due to the negligence of the attorneys for plaintiff in error.

This allegation fails to show "good cause" for the failure to file briefs by the plaintiff in error in the time required by the rules and statutes.

In St. Paul Fire & Marine Ins. Co. v. Earnest (Tex. Civ. App.) 293 S. W. 677, 684, on motion for rehearing, it is said: "The proposition asserts that because it appears from the allegations of the motion and the evidence introduced upon the hearing of the motion that the failure to file an answer in the cause 'was due to an inadvertence and mistake and to the absence of said attorney from his office' etc., that the court erred in overruling the motion to set aside the judgment. 'Inadvertence' means inattention; neglect."

The defendants in error made no agreement relative to the time of filing briefs. The

motion of plaintiff in error does not disclose that copies of his briefs have even yet been furnished to defendants in error.

"It has been held that the appellant's brief was filed too late, resulting in its being stricken, where the periods remaining before the submission of the cause amounted to one day, two days, three days, four days, five days, six days, seven days, eight days, nine days, ten days, eleven days and twelve days. The court has also refused permission to file briefs after the submission of the cause." 3 Tex. Jur. page 930, § 651. Commercial Standard Insurance Co. v. Carr et al. (Tex. Civ. App.) 22 S.W.(2d) 1101. See, also, Hinckley-Tandy Leather Co. et al. v. Hazlewood (Tex. Civ. App.) 45 S.W.(2d) 1103.

We are not required, in the absence of appropriate assignments, to make an extended examination of the statement of facts in search of fundamental error. 3 Tex. Jur. 825, § 582.

"The failure of all parties to an appeal, without good cause being shown, to file briefs in accordance with the rules prescribed by the Supreme Court, authorizes the Court of Civil Appeals to dismiss the appeal without inspecting the record for fundamental error." Haynes v. J. M. Radford Gro. Co., 118 Tex. 277, 14 S.W.(2d) 811.

The motion of plaintiff in error for permission to file briefs is overruled, and the motion of defendant in error to dismiss the plaintiff's writ of error is granted, and it is so ordered.