tiff and the proposed purchasers were ever actually submitted to or rejected by defendant.

5. The only offer affirmatively shown by the evidence to have been submitted to and rejected by defendant was that of $2,000 cash and balance in three years, which was clearly not within the original agreement plaintiff testified he had with defendant.

■ It is apparent that plaintiff did not make a jury case. He did not plead the procurement of a sale within the terms of the contract he testified to, nor did he testify to the tender of a sale in consonance with the terms of the contract he testified to. Under either aspect of the case, then, the trial judge properly directed a verdict for defendant.

This will be substituted for prior opinions, and plaintiff's second motion for rehearing will be overruled.

clusion of the testimony judgment was rendered in favor of the plaintiff. From this judgment the defendant brings error to this court by filing supersedeas bond.

An inspection of the record discloses that the case is before this court upon a transcript, unaccompanied by any statement of facts, bills of exceptions, assignments of error, or brief by plaintiff in error. The defendant in error has briefed the case, and is here asking for an affirmance of the same.

We have concluded to inspect the record to determine whether it presents any fundamental error as an obstacle to affirmance. Such an inspection convinces us that the pleadings support the judgment and that no fundamental error appears. Such being the state of the record, the judgment is affirmed upon the authority of Haynes v. J. M. Radford Grocery Co., 118 Tex. 277, 14 S.W.(2d) 811; Prater v. Prater (Tex. Civ. App.) 29 S.W.(2d) 795; Pelfrey v. Jordan (Tex. Civ. App.) 37 S.W.(2d) 189; Peter Co. v. Green (Tex. Civ. App.) 42 S.W.(2d) 1054; Hinckley-Tandy Leather Co. v. Hazlewood (Tex. Civ. App.) 45 S.W.(2d) 1103.

It is so ordered.

## CENTRAL WEST TEXAS INS. ASS'N v. MEYERS.

### No. 1030.

Court of Civil Appeals of Texas. Eastland. June 23, 1933.

## FIDELITY SAVINGS & TRUST CO. v. GRICE et al.

### No. 12859.

Court of Civil Appeals of Texas. Fort Worth.

June 17, 1933.

Rehearing Denied July 15, 1933.

B. P. Davenport, of Stamford, for plaintiff in error.

Frank Judkins, of Eastland, for defendant in error.

LESLIE, Justice.

This suit was filed by R. L. Meyers against the Central West Texas Insurance Association, a corporation, to recover on a policy of insurance issued in his favor by the defendant. The defendant answered by general and special denials. The trial was before the court without a jury, and at the con-