in a deed of trust would seem to us to be equally applicable to a provision like the one under consideration. See, also, Bookhout v. McGeorge (Tex. Civ. App.) 65 S.W.(2d) 512; J. M. Radford Grocery Co. v. Shaw (Tex. Civ. App.) 9 S.W.(2d) 419.

■■ We must presume, we think, that the grantors in the deed of trust filed the acceptance for record in Dallas county when it was filed. The instrument being presumptively in their possession, who else can reasonably be supposed to have filed it? What purpose could the filing of same serve, except to supply additional evidence of the title of the purchaser under the sale made by the substitute trustee? Such action would clearly imply a waiver on the part of the grantors if the requirement was one that could be waived. We think the provision being for the grantors' benefit was subject to waiver by them. To justify the holding that this record shows conclusively as a matter of law that no title passed by the sale under the deed of trust, it must necessarily be true that under no circumstances could the sale be valid. We think the record shows that the grantors could waive, and did waive, the requirement in so far as it could affect the title. As against such waiver we think it cannot be said as a matter of law that title to the land did not pass by the deed of the substitute trustee.

It is therefore our conclusion that the court erred in granting the injunction, that the judgment of the court below should be reversed, and the injunction proceeding be dismissed, which is accordingly so ordered.

Wilburn Barcus, of Big Spring, for appellants.

Thomas & McDonald and Morrison & Morrison, all of Big Spring, for appellee.

LESLIE, Justice.

This case is before this court upon transcript accompanied by a statement of facts, but no briefs have been filed by either party. In that state of the record it is within the discretion of the Court of Civil Appeals to either dismiss the appeal without an inspection of the record for fundamental error or to inspect the record and affirm the judgment of the trial court if no fundamental error be discovered. Haynes v. J. M. Radford Grocery Co., 118 Tex. 277, 14 S.W.(2d) 811; Id. (Tex. Civ. App.) 16 S.W.(2d) 1118; Central West Texas Ins. Ass'n v. Meyers (Tex. Civ. App.) 62 S.W.(2d) 635; Peter Co. v. Green (Tex. Civ. App.) 42 S.W.(2d) 1054; 3 Tex. Jur. p. 936, § 655. We have concluded to examine the record for such error. Finding none, the judgment of the trial court is in all things affirmed. It is so ordered.

### SHIPLEY et ux. v. WYATT.
### No. 1302.

Court of Civil Appeals of Texas. Eastland.
July 13, 1934.

Rehearing Denied Sept. 21, 1934.

### FRANKLIN FIRE INS. CO. v. SINGLETARY.
### No. 1298.

Court of Civil Appeals of Texas. Eastland.
July 13, 1934.

Rehearing Denied Sept. 21, 1934.

