### PRIDDY v. PRIDDY.

#### No. 1561.

Court of Civil Appeals of Texas. Waco.
Jan. 24, 1935.

B. W. Miles, of Coolidge, for appellant.

L. W. Shepperd, of Groesbeck, for appellee.

GALLAGHER, Chief Justice.

This is a suit for divorce on the ground of cruel treatment, instituted by appellee, Ode Priddy, against appellant, Bettie Priddy. Appellant presented a general demurrer to appellee's petition, which was considered by the court and overruled. The court heard the testimony and entered judgment dissolving the bonds of matrimony then existing between the parties. Appellant perfected an appeal to this court, and has filed herein a transcript of the proceedings in the court below. Appellant has not filed any brief in support of her appeal.

Appellant appeared by counsel when the case was called for submission, suggested that the action of the court in overruling her general demurrer to appellee's petition constituted fundamental error, and asked the court to submit the case and inspect the record to ascertain whether such error appeared on the face thereof. This court, in the exercise of its discretion, has decided to comply with such request. Haynes v. J. M. Radford Grocery Co. (Tex. Com. App.) 118 Tex. 277, 14 S.W.(2d) 811; Peter Company v. Green (Tex. Civ. App.) 42 S.W.(2d) 1054, par. 2, writ refused, Id. (Tex. Civ. App.) 42 S.W.(2d) 1055; Anderson v. Cox (Tex. Civ. App.) 45 S.W.(2d) 339, par. 1.

Appellee alleged, in substance, that because of the cruel treatment of appellant he had been forced and compelled to leave her a short time before the filing of this suit. He also alleged, in substance, that appellant was guilty of such utter disregard of his wishes as to keep him and herself as well "in constant turmoil and quarrel," that such conduct on her part became practically constant and grew continuously worse until the same became unbearable, and that the general conduct of appellant toward him was such as to render their further living together as man and wife insupportable.

Rule 17, prescribed by the Supreme Court for the regulation of proceedings in the trial courts, requires that, in passing upon a general demurrer, every reasonable intendment arising on the pleading excepted to shall be indulged in favor of its sufficiency. The court should therefore, in such cases, consider everything as properly alleged which by reasonable construction is embraced within the allegations contained in the petition. If the same does not contain sufficiently specific allegations with reference to any issue, the objection thereto, if any, must be made by special, rather than a general, exception. Hill v. Preston, 119 Tex. 522, 534, 34 S.W. (2d) 780; Wynne v. State Nat. Bank, etc., 82 Tex. 378, 383, 17 S. W. 918. So a petition for divorce which merely alleges that the defendant has been guilty of cruel treatment against the plaintiff of such a nature as to render their further living together insupportable is good as against a general demurrer. While such allegation is in a way the pleading of a conclusion when assailed by special exception, when tested by a general exception, it is a sufficient allegation of fact to authorize the trial court to hear the evidence and on which a valid decree of divorce may be awarded. McCullough v. McCullough, 120 Tex. 209, 218, 36 S.W.(2d) 459, 462, par. 2; Cooksey v. Cooksey (Tex. Civ. App.) 40 S.W.(2d) 947, par. 2; Green v. Green (Tex. Civ. App.) 45 S.W.(2d) 331, 332, par. 2; Caywood v. Caywood (Tex. Civ. App.) 290 S. W. 889, 890, par. 1.

Appellee's petition was sufficient as against appellant's general demurrer, and the trial court did not err in overruling the same.

The judgment is therefore affirmed.