**WESTERN UNION TELEGRAPH CO. v. MARTIN.**

No. 3467.

Court of Civil Appeals of Texas. El Paso.

Jan. 28, 1937.

Rehearing Denied Feb. 18, 1937.

Second Motion for Rehearing Denied
March 11, 1937.

Wm. H. Flippen and John W. Miller, both of Dallas, and Wigfall Van Sickle, of Alpine, for appellant.

Hill D. Hudson, of Pecos, J. B. Cotten, of Crane, and W. C. Jackson, of Fort Stockton, for appellee.

WALTHALL, Justice.

This case was tried to a jury, a verdict returned, and judgment entered on the verdict, in the district court of Pecos county, on March 12, 1936.

Motion for a new trial was duly filed and overruled on March 23, 1936, to which appellant excepted and notice of appeal given, and 60 days granted appellant after the adjournment of the term of the court within which to file bills of exception and statement of facts; on motion of appellant, 20 days extension of time was granted.

The term of the court adjourned on March 28, 1936.

Appeal to this court was perfected on April 7, 1936.

On June 18, 1936, on motion, appellant was granted 30 days' additional within which to file transcript and statement of facts in this court.

At the present time appellant has not filed its briefs in this court, and no reason is shown for its failure to file briefs in accordance with the rules prescribed by the Supreme Court.

It is therefore considered by this court that appellant's appeal should be dismissed, and it is so ordered. Haynes v. J. M. Radford Grocery Co., 118 Tex. 277, 14 S.W. (2d) 811.

On Motion for Rehearing.

PER CURIAM.

January 28, 1937 the appeal in this case was dismissed because appellant had not filed briefs. An opinion was filed narrating the various steps that had taken place from and after verdict and judgment in the district court. Judgment on the verdict of the jury was rendered against appellant in the district court of Pecos county on March 12, 1936. Motion for new trial was duly filed and overruled March 23, 1936. Appellant was granted 60 days after adjournment of court within which to file bills of exception and statement of facts. On appellant's motion an extension of 20 days' additional time was granted it. The term of court adjourned March 28, 1936. Appeal to this court was perfected April 11, 1936, the appeal bond being signed for appellant by trial counsel, who shall hereafter be referred to as Alpine counsel. June 5, 1936, 74 days after motion for new trial was overruled, the transcript was received by the clerk of this court, but not filed. The clerk wired Alpine counsel on receipt of transcript and informed him that he had until next day (15 days after the expiration of time for filing) within which to file motion excusing the delay. The wire also inquired as to the whereabouts of the statement of facts which had not been sent to this court. June 6, 1936, the clerk received a telegram from Alpine counsel informing him that the trial judge had granted an extension of time. Prior to receiving this wire the clerk wired counsel (who files this motion herein and who shall hereinafter be referred to as Dallas counsel), who resides in Dallas, that it was the last day for motion for extension to be filed, this telegram being sent because the clerk had not then heard from Alpine counsel. The clerk suggested that appellant have a local lawyer attend to the matter or telegraph the motion. The same day the clerk received two wires from Dallas counsel, which concluded with the request that he be sent the transcript for use in perfecting writ of error. In the meantime the statement of facts had been received. It had not been filed in the lower court. A motion was filed to extend the time for filing record and to amend bond, and to file statement of facts, both in the trial and appellate courts. This motion was

granted June 18, 1936, by this court, and an extension of 30 days within which to file the record was granted. The record was actually filed June 18, 1936. June 25, 1936, statement of facts was received and filed, after having been filed in the trial court.

July 30, 1936, this case and others were set for submission for January 4, 1937. The records of the clerk's office show that notices of submission were sent by due course of mail to Dallas counsel and his associate at Dallas, and to Alpine counsel, as well as to the attorneys for appellee. The notices were sent in envelopes bearing return address of this court. They were never returned.

Notices were not sent by registered mail. In fact, no notices of this character have been sent by registered mail for some years, because the Legislature has appropriated no funds with which to pay postage of this character.

January 4, 1937, the case was submitted. On the same day appellee filed a suggestion as to the failure of appellant to file brief, and requested that the case be affirmed. No communication was received by the clerk from appellant's counsel subsequent to the filing of the statement of facts and prior to submission—a period of seven months. Notice of the dismissal of the appeal, together with copy of the opinion, was sent to counsel for appellant January 28, 1937.

February 5, 1937, appellant's motion for rehearing and also a motion to reinstate appeal were filed. Attached to this motion are affidavits of Dallas counsel and associate that, after receiving the extension of time from this court within which to file transcript and record, and after filing the same, they awaited the customary notice from the clerk advising of submission date; that neither of them received such notice, and that neither of them had actual notice that the appeal had been set for submission, and were not aware that it had been set until they received notice of the dismissal; that at the time they were employed to perfect the appeal Alpine counsel was incapacitated on account of illness, and was physically unable to prepare briefs, and that Dallas counsel was not familiar with all the issues, and was not able to prepare and file briefs in the trial court, or with the clerk of the trial court; that Dallas counsel and associate had been associated in the same offices for 15 years,

had perfected many appeals, and had always filed their briefs within seasonable time. They prayed that the appeal be reinstated and rehearing granted, that the cause be reset for submission, and that submission date be advanced with the understanding that counsel would file briefs within the minimum time after receiving record.

Attached also to the motion was an affidavit of Dallas counsel's stenographer and mail clerk to the effect that she had charge of the setting of all cases in the trial and appellate courts, and describing the precautions usually taken by her with respect to notices from the courts; that her records do not show the receipt of the notice issued by the clerk of this court concerning the submission of this case, nor did she have any recollection of such notice being received; that, for the reason that she had acquired from experience the habit of remembering the settings of appeals involving her employer and associate, she would state that that office received no notice of the motion to affirm as filed by appellee, nor did they receive any notice of the motion to dismiss. (This court finds that no such motions were filed, but appellee's counsel in his suggestion filed in lieu of brief prayed that the cause be affirmed.) She also said that notice of the submission date was not received by her, nor did it come to that office. Attached also was affidavit of Alpine counsel to the effect that he appealed the case and had prepared the transcript and statement of facts; that he then became ill and went to the hospital and the case was turned over to Dallas counsel for further attention; that he was notified of the date of submission, and assumed and believed that like notices had been sent or would be sent to other counsel in the case.

Alpine counsel wrote the clerk on June 4, 1936, that Dallas counsel would appeal the case.

On January 4, 1937, when the case was called, one of counsel for appellee was present in the courtroom prepared to argue orally should appellant be represented and desire to argue. However, when the case was called, there was no response from appellant.

The motion for rehearing and the motion to reinstate were overruled February 18, 1937. Thereafter appellant filed a motion asking leave to file a second motion for rehearing, which was granted. March

2, 1937, a supplement to the second motion for rehearing was filed. Both motions for rehearing have been considered carefully.

We hold that the provision of article 1847, Rev.St., as amended (Vernon's Ann.Civ.St. art. 1847), requiring the notice to be sent by registered mail, is directory. Had the Legislature intended it to be mandatory, funds sufficient to secure compliance would have been appropriated. Feeling that the officers of court have exercised due diligence in attempting to keep counsel for appellant informed of the progress of the case, and further feeling that, owing to appellant's failure to file briefs, appellee has acquired rights which we may not disregard, we have felt that the motions for rehearing should not be granted. They are accordingly overruled.