## SMITH v. GUARDIAN TRUST CO.
### No. 1751.

Court of Civil Appeals of Texas. Eastland.

Feb. 4, 1938.

James G. Donovan, of Houston, for appellant.

Baker, Botts, Andrews & Wharton, of Houston, for appellee.

GRISSOM, Justice.

Appellant sued appellee for $3,325.29. The sums aggregating the amount sued for are alleged to be owing to appellant by reason of the following facts: Appellant's husband died leaving a will in which appellee was appointed executor. The will provided for payment ·by appellee to appellant of $5,000 during each five-year period after his death. In the third year of the second five-year period after testator's death, appellee having received $2,000 during the first two years of the second five-year period demanded payment by appellee of $3,000, being the remainder to which she was entitled during said second five-year period. Appellee tendered its check for $1,000 in payment of the amount due for the third year of the second five-year period. This check was returned and demand made for payment of $3,000, the total unpaid amount which appellant was entitled to receive for the second five-year period. Appellant drew a draft on appellee for $3,000, payment was refused, and protest fees accrued. The balance of the sum sued for was for interest on the $3,000 claimed and for an executor's fee of one-half of 1 per cent. alleged to have been charged by appellee

for caring for said sum of $3,000. Appellee alleged that prior to 1936 appellant had always construed said will as providing for payment of $1,000 per year and an agreement with counsel for appellant that it would be given a reasonable time for its attorney to consider and dispose of the matter after its attorney had completed the trial of a case in which he was then engaged; that before the termination of the trial the suit was filed. Appellee tendered into court the $3,000 and asked for attorney's fees. The court ordered payment of the $3,000 by the clerk to appellant and instructed a verdict for appellee.

The case is presented to this court upon a transcript and statement of facts. No briefs have been filed. We have inspected the record. The judgment is sustained by the pleadings. No fundamental error appearing, the judgment is affirmed. Haynes v. J. M. Radford Grocery Co., 118 Tex. 277, 14 S.W.2d 811; Gregory v. Jacob, Tex.Civ.App., 94 S.W.2d 513.

Affirmed.