**TRAVELODGE CORPORATION v. SCHWAKE et ux.**

**No. 3808.**

Court of Civil Appeals of Texas. El Paso.

Feb. 23, 1939.

Brown & Brooke, of El Paso, for appellant.

J. P. Williams, of Andrews, for appellees.

NEALON, Chief Justice.

This cause was submitted February 2, 1938. Appellant filed no briefs. However, prior to any action of the Court upon this default, appellant filed its suggestion that the record revealed fundamental error and prayed that the cause be reversed and remanded. This motion calls for an examination of the record.

It appears that on February 10, 1938, appellees filed in the County Court of Gaines County their suit complaining of the Travelodge Corporation and alleging that it was a corporation with its principal offices in Tulsa, Oklahoma, but with an agent in Seagraves, Gaines County, Texas, named D. Winfrey. H. L. Wade, of Midland County, and Chas. Summerfield, of Ector County, were also named as defendants. The original petition alleged that defendants, by fraud and misrepresentations, induced plaintiffs to buy a "Travelodge Trailer" for the sum of $850.. The alleged misrepresentations were set out in detail. The petition also alleged an agreement upon the part of defendant that "should anything go wrong about said Travelodge Trailer within a reasonable time" the trailer-house would be repaired and kept in good condition without expense to plaintiffs; that some sixty or ninety days after its purchase the trailer began to separate at the joints and to leak when it rained and permitted the entry of dust and dirt, making living conditions therein very unpleasant; that defendant failed to make good its guarantee by which it induced plaintiffs to buy the "trailer house." Damages were laid in the sum of $850.

Process directed to Travelodge Corporation was served upon D. Winfrey. Appellant did not answer, and on April 19, 1938, judgment was entered in favor of plaintiffs and against all defendants in the sum of $650. Thereafter, on motion for new trial filed by Chas. Summerfield, the cause was dismissed as to Summerfield and it was adjudged that plaintiffs take nothing as to said defendant, but recover of appellant and H. L. Wade the sum of $650, it being recited that said two last named defendants were in default.

Thereafter, on June 7, 1938, appellant filed its original petition and later, on July 5, 1938, its amended original petition, in which it set up the proceedings hereinbefore detailed, alleged that it had never been served with process and did not file an answer, and that never at any time during the pendency of the action did it have notice of any kind that said suit was on file. It further alleged that immediately upon being notified of the judgment it employed counsel to file the necessary papers to set the judgment aside. It alleged that D. Winfrey was neither its agent nor traveling representative, traveling salesman or traveling agent, and had no power to bind it by accepting service; that the allegations of the original petition were insufficient to set up a cause of action on account of fraud and misrepresentation; that appellant had a meritorious defense in that every statement made by its representative with respect to said trailer was true; that it did not misrepresent any facts concerning the struc-

ture of the trailer, but stated the truth with respect to its construction; that plaintiffs at the time of the purchase were satisfied with the material used in the construction of the trailer and so stated, and that any defect shown resulted from the improper manner in which the trailer was handled by plaintiffs; that the various allegations of plaintiffs as to defects in workmanship and material are untrue and without foundation; that appellant never guaranteed the life of the trailer to be for a lifetime as alleged.

The County Court sustained a motion to dismiss the bill of review for the following reasons: "That it does not state a cause of action and does not come under the statute providing for a bill of review."

Appellant assigns this action of the court as fundamental error apparent of record. We agree with this contention. If the allegations of appellant's petition are true it had a meritorious defense and it had had no day in court. A cause of action was therefore alleged. An erroneous ruling sustaining a general demurrer is fundamental error and may be urged for the first time upon appeal. Fuqua v. Pabst Brewing Co., 90 Tex. 298, 301, 38 S.W. 29, 750, 35 L.R.A. 241; American Nat. Ins. Co. v. Briggs, Tex.Civ.App., 156 S.W. 909; Parrott v. Brotherhood of Railroad Trainmen, Tex.Civ.App., 85 S.W.2d 306, 307; Bradley v. Jones, Tex. Civ.App., 38 S.W.2d 877; 3 Tex.Jur. 820–821. When prior to dismissal of the appeal, such error is discovered by the appellate court it becomes the duty of that court to reverse the judgment of the lower court, even though no brief be filed by appellant. Haynes v. J. M. Radford Grocery Co., 118 Tex. 277, 14 S.W.2d 811.

Provided appellant showed diligence in filing its petition to set aside the judgment the proceeding was in time, though filed at a subsequent term to that at which the judgment was rendered. This is not a statutory bill of review but is in the nature of an equitable proceeding. Winters Mutual Aid Ass'n v. Reddin, Tex. Com.App., 49 S.W.2d 1095 and cases cited.

The judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.