**Lewis HEFLIN, Appellant,**

**v.**

**The BIG SPRING INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

**No. 4338.**

Court of Civil Appeals of Texas,
Eastland.

March 13, 1970.

Harvey C. Hooser, Jr., Big Spring, for appellant.

Brown & Hamby, W. H. Eyssen, Jr., Herbert L. Prouty, Big Spring, Doren R. Eskew, of McCreary, Huey & Eskew, Austin, for appellees.

GRISSOM, Chief Justice.

The Big Spring Independent School District and the City of Big Spring sued Lewis Heflin in the County Court for delinquent taxes on personal property and penalties and interest. The State of Texas, the County of Howard and Howard County Junior College intervened. The State alleged that its suit was for delinquent taxes, interest and penalties. In a trial to the court, the County Court rendered judgment for all the plaintiffs for taxes, penalties and interest. Heflin has appealed.

Heflin contends the judgment is fundamentally erroneous because the County Court did not have jurisdiction of a suit for penalties and the District Court had exclusive jurisdiction of such suits. (In Haynes v. J. M. Radford Grocery Company, 118 Tex. 277, 14 S.W.2d 811, our Supreme Court held that if inspection of the record disclosed fundamental error the judgment must be reversed. We mention

this in view of the opposition of appellees to the late filing of appellant's brief containing this point of error.)

Article 5, Section 8, of the Constitution of Texas, Vernon's Ann.St., gives the District Court original jurisdiction of all suits "in behalf of the State to recover penalties." In State v. Kingham, 361 S.W. 2d 191, 193, our Supreme Court held that penalty and interest added to delinquent taxes was a punishment for failure to timely pay taxes and a penalty within the meaning of that constitutional provision.

The suit by the State to recover penalties was exclusively within the jurisdiction of the District Court. The County Court did not have jurisdiction of the suit on "behalf of the State to recover penalties." Said constitutional provision is not applicable to the other plaintiffs. The judgment for the State of Texas is reversed and the case of the State is dismissed. In all other respects, the judgment is affirmed.